UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

ANTERINE MAPLE, as Administratrix of the : 
Estate of Kevin George, Jr. deceased, the Estate : 
of Zion George, deceased, and in her own right; :      No.      2:22-cv-2039
DESTINY DELUCA; and AMIR HARRIS :
:
Plaintiffs :
:
v. :
:
DELAWARE DEPARTMENT OF NATURAL :
RESOURCES AND ENVIRONMENTAL :
CONTROL – DIVISION OF WATERSHED :
STEWARDSHIP; FRANK M. PIORKO, in his :
individual capacity and as an agent of the :
Delaware Department of Natural Resources and :
Environmental Control – Division of Watershed :
Stewardship; TERRY L. DEPUTY, in his :
individual capacity and as an agent of the :
Delaware Department of Natural Resources and :
Environmental Control – Division of Watershed :
Stewardship; MICHAEL S. POWELL, in his :
individual capacity and as an agent of the :
Delaware Department of Natural Resources and :
Environmental Control – Division of Watershed :
Stewardship; JESSE HAYDEN, in his individual :
capacity and as an agent of the Delaware :
Department of Natural Resources and :
Environmental Control – Division of Watershed :
Stewardship; SCOTT FIGURSKI, in his :
Individual capacity and as an agent of the :
Delaware Department of Natural Resources and :
Environmental Control – Division of Watershed :
Stewardship; CHARLES E. WILLIAMS, II, :
in his individual capacity and as an agent of the :
Delaware Department of Natural Resources and :
Environmental Control – Division of Watershed :
Stewardship; STEVE WILLIAMS, in his :
individual capacity and as an agent of the :
Delaware Department of Natural Resources and :
Environmental Control – Division of Watershed :
Stewardship; DELAWARE DEPARTMENT :
OF NATURAL RESOURCES AND :
ENVIRONMENTAL CONTROL – DIVISION :
OF PARKS AND RECREATION; :

RAY BIVENS, in his individual capacity and          :
as an agent of the Delaware Department of            :
Natural Resources and Environmental Control –        :
Division of Parks and Recreation;                    :
GRANT MELVILLE in his individual capacity            :
and as an agent of the Delaware Department of        :
Natural Resources and Environmental Control          :
– Division of Parks and Recreation;                  :
MATTHEW RITTER in his individual capacity            :
 and as an agent of the Delaware Department of       :
Natural Resources and Environmental Control –        :
Division of Parks and Recreation;                    :
MANSON CONSTRUCTION COMPANY;                         :
and KINGFISHER ENVIRONMENTAL                         :
SERVICES, INC.                                       :
                                                     :
                          Defendants                 :
_____              :

## COMPLAINT - CIVIL ACTION

AND NOW come the plaintiffs, by and through counsel, and demand of the defendants, jointly and severally, damages for loss sustained, plus interest, costs and damages for prejudgment delay upon the causes of action set forth in the following:

## JURISDICTION AND VENUE

1.      This Court maintains jurisdiction pursuant to 28 U.S.C. § 1331 upon a basis that claims asserted arise under the Constitution and laws of the United States.

2.      This Court maintains jurisdiction pursuant to 28 U.S.C. § 1332 upon a basis that the matter in controversy exceeds that statutory threshold and the dispute upon which the claims arise are between citizens of different states.

3.      This Court maintains jurisdiction pursuant to 28 U.S.C.S. § 1343 upon a basis that claims are asserted to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States

4.      Plaintiff further invokes supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for claims arising under state law as these claims form part of the same case and controversy of claims initiated.

5.      Venue of this matter is properly laid in this judicial district pursuant to 28 U.S.C. § 1391(d) upon the basis that claims are asserted against corporations which purposely availed themselves to the benefits of this judicial district, reside in this judicial district, and/or are subject to personal jurisdiction within this judicial district.

## THE PARTIES AND RELATED ENTITIES

6.      Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if set forth fully hereto.

7.      Plaintiff Anterine Maple is an adult individual residing 4513 N. 20th Street, Philadelphia, PA 19140 and the natural mother of Kevin George, Jr., decedent and Zion George, decedent.  Plaintiff Anterine Maple has been duly appointed to serve as the Administratrix of the Estates of Kevin George, Jr., decedent, and Zion George, decedent, by the Office of the Philadelphia County Register of Wills.

8.      Plaintiff Destiny Deluca is an adult individual residing 338 N. 41st Street, Apt. 4R, Philadelphia, PA 19104.

9.      Plaintiff Amir Harris is an adult individual residing 4804 N. Bouvier Street, Philadelphia, PA 19141.

10.     Defendant Delaware Department of Natural Resources and Environmental Control – Division of Watershed Stewardship (hereinafter "*DNREC – Division of Watershed Stewardship*") is an agency and instrumentality of the State of Delaware created to provide, among others, core services relating to the managing and maintaining of public beaches, land, parks, natural resources, wildlife areas and improving Delaware's navigable waterways.  Defendant DNREC – Division of Watershed Stewardship operates with a principal place of business and registered office for process of service located at The Richardson and Robbins

3

Building, 89 Kings Highway, Dover, DE 19901. At all material times relevant hereto, defendant DNREC – Division of Watershed Stewardship acted by and through its duly authorized employees, agents, workers and/or representatives acting within the scope of their employment.

11.     Defendant Frank M. Piorko is an adult individual who maintains an address for the service of process located 33653 E Hunters Run, Lewes, Delaware 19958-4844. Upon information and belief, at all relevant times material hereto, defendant Frank M. Piorko was an agent, servant, and employee of defendant DNREC – Division of Watershed Stewardship. Upon information and belief, at all relevant times material hereto, defendant Frank M. Piorko served as the Division Director of the DNREC – Division of Watershed Stewardship. At all relevant times material hereto, defendant Frank M. Piorko was operating under the color of state law, local law, regulations, policies and usages of the state of Delaware DNREC – Division of Watershed Stewardship within the course and scope of his employment with defendant DNREC – Division of Watershed Stewardship. This action is brought against defendant Frank M. Piorko in both his corporate and individual capacities.

12.     Defendant Terry L. Deputy is an adult individual who maintains an address for the service of process located at The Richardson and Robbins Building, 89 Kings Highway, Dover, DE 19901. Upon information and belief, at all relevant times material hereto, defendant Terry L. Deputy was an agent, servant, and employee of defendant DNREC – Division of Watershed Stewardship. Upon information and belief, at all relevant times material hereto, defendant Terry L. Deputy served as the Division Director of the DNREC – Division of Watershed Stewardship. Upon information and belief, at all relevant times material hereto, defendant Terry L. Deputy was operating under the color of state law, local law, regulations, policies and usages of the state of DNREC – Division of Watershed Stewardship within the course and scope of his employment with

defendant DNREC – Division of Watershed Stewardship.  This action is brought against defendant Terry L. Deputy in both his corporate and individual capacities.

13.     Defendant Michael S. Powell is an adult individual who maintains an address for the service of process located at The Richardson and Robbins Building, 89 Kings Highway, Dover, DE 19901. Upon information and belief, at all relevant times material hereto, defendant Michael S. Powell was an agent, servant, and employee of defendant DNREC – Division of Watershed Stewardship. Upon information and belief, at all relevant times material hereto, defendant Michael S. Powell served as an Environmental Program Manager/Administrator of the DNREC – Division of Watershed Stewardship.  Upon information and belief, at all relevant times material hereto, defendant Michael S. Powell was operating under the color of state law, local law, regulations, policies and usages of the state of Delaware DNREC – Division of Watershed Stewardship within the course and scope of his employment with defendant DNREC – Division of Watershed Stewardship.  This action is brought against defendant Michael S. Powell in both his corporate and individual capacities.

14.     Defendant Jesse Hayden is an adult individual who maintains an address for the service of process located at The Richardson and Robbins Building, 89 Kings Highway, Dover, DE 19901. Upon information and belief, at all relevant times material hereto, defendant Jesse Hayden was an agent, servant, and employee of defendant Delaware Department of Natural Resources and Environmental Control – Division of Watershed Stewardship.  Upon information and belief, at all relevant times material hereto, defendant Jesse Hayden served as an Engineer Program Manager of the DNREC – Division of Watershed Stewardship.  Upon information and belief, at all relevant times material hereto, defendant Jesse Hayden was operating under the color of state law, local law, regulations, policies and usages of the state of Delaware DNREC – Division of Watershed Stewardship within the course and scope

of his employment with defendant DNREC – Division of Watershed Stewardship. This action is brought against defendant Jesse Hayden in both his corporate and individual capacities.

15.    Defendant Scott Figurski is an adult individual who maintains an address for the service of process located at The Richardson and Robbins Building, 89 Kings Highway, Dover, DE 19901. Upon information and belief, at all relevant times material hereto, defendant Scott Figurski was an agent, servant, and employee of defendant DNREC – Division of Watershed Stewardship. Upon information and belief, at all relevant times material hereto, defendant Scott Figurski served as an Environmental Program Manager of the DNREC – Division of Watershed Stewardship. Upon information and belief, at all relevant times material hereto, defendant Scott Figurski was operating under the color of state law, local law, regulations, policies and usages of the state of Delaware DNREC – Division of Watershed Stewardship within the course and scope of his employment with defendant DNREC – Division of Watershed Stewardship. This action is brought against defendant Scott Figurski in both his corporate and individual capacities.

16.    Defendant Charles E. Williams, II is an adult individual who maintains an address for the service of process located at The Richardson and Robbins Building, 89 Kings Highway, Dover, DE 19901. Upon information and belief, at all relevant times material hereto, defendant Charles E. Williams, II was an agent, servant, and employee of defendant DNREC – Division of Watershed Stewardship. Upon information and belief, at all relevant times material hereto, defendant Charles E. Williams, II served as an Environmental Program Manager of the Delaware Department of Natural Resources and Environmental Control – Division of Watershed Stewardship. Upon information and belief, at all relevant times material hereto, defendant Charles E. Williams, II was operating under the color of state law, local law, regulations, policies and usages of the state of Delaware DNREC – Division of Watershed Stewardship within the course and scope of his employment

with defendant DNREC – Division of Watershed Stewardship.  This action is brought against defendant Charles E. Williams, II in both his corporate and individual capacities.

17.     Defendant Steve Williams is an adult individual who maintains an address for the service of process located at The Richardson and Robbins Building, 89 Kings Highway, Dover, DE 19901. Upon information and belief, at all relevant times material hereto, defendant Steve Williams was an agent, servant, and employee of defendant DNREC – Division of Watershed Stewardship. Upon information and belief, at all relevant times material hereto, defendant Steve Williams served as an Environmental Program Manager of the Delaware Department of Natural Resources and Environmental Control – Division of Watershed Stewardship.   Upon information and belief, at all relevant times material hereto, defendant Steve Williams was operating under the color of state law, local law, regulations, policies and usages of the state of Delaware DNREC – Division of Watershed Stewardship within the course and scope of his employment with defendant DNREC – Division of Watershed Stewardship.  This action is brought against defendant Steve Williams in both his corporate and individual capacities.

18.     Defendant Delaware Department of Natural Resources and Environmental Control – Division of Parks and Recreation (hereinafter "*DNREC – Division of Parks and Recreation*") is an agency and instrumentality of the State of Delaware created to provide, among others, core services relating to the managing and maintaining of Delaware's public lands and beaches.  Defendant DNREC – Division of Parks and Recreation operates with a principal place of business and registered office for process of service located at The Richardson and Robbins Building, 89 Kings Highway, Dover, DE 19901.  At all material times relevant hereto defendant DNREC – Division of Parks and Recreation acted by and through its duly authorized employees, agents, workers and/or representatives acting within the scope of their employment.

19.     Defendant Ray Bivens is an adult individual who maintains an address for the service of

process located at The Richardson and Robbins Building, 89 Kings Highway, Dover, DE 19901. Upon information and belief, at all relevant times material hereto, defendant Ray Bivens was an agent, servant, and employee of defendant DNREC – Division of Parks and Recreation. Upon information and belief, at all relevant times material hereto, defendant Ray Bivens served as the Director of the DNREC – Division of Parks and Recreation. Upon information and belief, at all relevant times material hereto, defendant Ray Bivens was operating under the color of state law, local law, regulations, policies and usages of the state of DNREC – Division of Parks and Recreation –within the course and scope of his employment with defendant DNREC – Division of Parks and Recreation. This action is brought against defendant Ray Bivens in both his corporate and individual capacities.

20.      Defendant Grant Melville is an adult individual who maintains an address for the service of process located at The Richardson and Robbins Building, 89 Kings Highway, Dover, DE 19901. Upon information and belief, at all relevant times material hereto, defendant Grant Melville was an agent, servant, and employee of defendant DNREC – Division of Parks and Recreation. At Upon information and belief, at all relevant times material hereto, defendant Grant Melville served as a Section Administrator of the DNREC – Division of Parks and Recreation. Upon information and belief, at all relevant times material hereto, defendant Grant Melville was operating under the color of state law, local law, regulations, policies and usages of the state of Delaware Department of Natural Resources and Environmental Control – Division of Parks and Recreation within the course and scope of his employment with defendant DNREC – Division of Parks and Recreation. This action is brought against defendant Grant Melville in both his corporate and individual capacities.

21.      Defendant Matthew Ritter is an adult individual who maintains an address for the service of process located at The Richardson and Robbins Building, 89 Kings Highway, Dover, DE 19901. Upon information and belief, at all relevant times material hereto, defendant Matthew Ritter was an agent, servant,

and employee of defendant DNREC – Division of Parks and Recreation.  Upon information and belief, at all relevant times material hereto, defendant Matthew Ritter served as a Section Administrator of the DNREC – Division of Parks and Recreation.  Upon information and belief, at all relevant times material hereto, defendant Matthew Ritter was operating under the color of state law, local law, regulations, policies and usages of the state of Delaware Department of Natural Resources and Environmental Control – Division of Parks and Recreation within the course and scope of his employment with defendant DNREC – Division of Parks and Recreation.  This action is brought against defendant Matthew Ritter in both his corporate and individual capacities.

22.     Defendant Manson Construction Company is a business entity for profit established pursuant to the laws of the State of Washington with a principal place of business located 5209 E. Marginal Way S., Seattle, Washington.  At all relevant times material hereto, defendant Manson Construction was a marine contractor whose business operations included, among others, the dredging and renourishment of beaches.  At all relevant times material hereto, defendant Manson Construction was acting as a corporation or other business entity by and through the acts of its authorized agents, ostensible agents, servants, workman and/or employees within and during the course and scope of their employment, authority or apparent authority.  At all relevant times material hereto, defendant Manson Construction engaged in substantial, continuous, regular and systematic business in State of Delaware.

23.     Defendant Kingfisher Environmental Services, Inc. is a business entity for profit established pursuant to the laws of the state of Maryland with a principal place of business located 3002 Singerly Road, Elkton, MD 21921.  At all relevant times material hereto, defendant Kingfisher was in the business of providing services including, among others, the dredging and renourishment of beaches.  At all relevant times material hereto, defendant Kingfisher was acting as a corporation or other business entity by and through the acts of its authorized agents, ostensible agents, servants, workman and/or employees

within and during the course and scope of their employment, authority or apparent authority.  At all relevant times material hereto, defendant Kingfisher engaged in substantial, continuous, regular and systematic business in State of Delaware.

## GENERAL ALLEGATIONS

24.       Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if set forth fully herein.

### The Lure of Decedents Kevin George, Jr.  and Zion George to South Bowers Beach

25.       Born July 25, 1988, Kevin George, Jr., decedent, was thirty-one (31) years old on June 30, 2020.

26.       Born June 17, 2000, Zion George, Jr., decedent, was twenty (20) years old on June 30, 2020.

27.       On June 30, 2020, plaintiff's decedent Kevin George, Jr. and Destiny Deluca viewed an online website advertising Bowers Beach located in the State of Delaware.

28.       The online website advertisement viewed by plaintiff's decedent Kevin George, Jr. and Destiny Deluca characterized Bowers Beach as a choice beach vacation destination.

29.       On June 30, 2020, attracted by and relying upon the website advertising Bowers Beach as a choice beach vacation destination, plaintiff's decedent Kevin George, Jr., Destiny DeLuca, and Amir Harris made reservations to stay overnight in a hotel located in or around Bowers Beach.

30.       On June 30, 2020, attracted by and relying upon the website advertising Bowers Beach as a choice beach vacation destination, plaintiff's decedents Kevin George, Jr., and Zion George, along with Destiny DeLuca and Amir Harris drove from Philadelphia, PA to enjoy the Bowers Beach environment.

31.       Bowers Beach is beach located in Kent County, Delaware, situated on the Delaware Bay north of the Murderkill River.

32.       South Bowers Beach is located in Kent County, Delaware, situated on the Delaware Bay

south of the Murderkill River.



MAP DEPICTING THE MURDERKILL RIVER, SOUTH BOWERS BEACH, AND
THE DELAWARE BAY

33.     On or about June 30, 2020, plaintiff's decedents Kevin George, Jr. and Zion George, along
with Destiny DeLuca, and Amir Harris relied upon Global Positioning System (GPS) to guide their travel to
Bowers Beach.

34.     Relying upon the Global Positioning System (GPS), plaintiff's decedents Kevin George, Jr.
and Zion George, along with Destiny DeLuca, and Amir Harris were guided to South Bowers Beach.

35.     On June 30, 2020, at or about 2:00 p.m., plaintiff's decedents Kevin George, Jr. and Zion
George, along with Destiny DeLuca, and Amir Harris arrived in the vicinity of South Bowers Beach.

36.     Upon arrival in the vicinity of South Bowers Beach, plaintiff's decedents Kevin George, Jr.
and Zion George, along with Destiny DeLuca, and Amir Harris selected a location on the South Bowers
Beach, set their beach gear on the beach and prepared to enjoy the day.

37.     On June 30, 2020, South Bowers Beach presented as a well-groomed and well-maintained
public beach.

38.     On June 30, 2020, no signs providing a warning or notice that South Bowers Beach was

closed to the public were posted in a conspicuous place in or around the vicinity of South Bowers Beach.

39.     On June 30, 2020, no signs providing a warning or notice that swimming was not permitted at South Bowers Beach were posted in a conspicuous place in or around the vicinity of South Bowers Beach.

40.     On June 30, 2020, no signs providing a warning or notice that, due to the variance in velocity of the water's current during the tide change caused by dredging operations, swimming was hazardous at South Bowers Beach were posted in a conspicuous place in or around the vicinity of South Bowers Beach.

41.     On June 30, 2020, no signs providing a warning or notice to any known dangerous condition of the Murderkill River waterway or South Bowers Beach were posted in a conspicuous place in the vicinity or on South Bowers Beach.

### **Murderkill River Facts**

42.     The Murderkill River is a river located in the state of Delaware flowing towards emptying into the Delaware Bay.

43.     The Murderkill River is tidally influenced from its mouth and upstream to just past the Town of Frederica, Delaware.

44.      The Murderkill River is considered by the U.S. Army Corps of Engineers to be navigable for the lower 10 miles (16 km) of its course.

45.     The Murderkill River entrance channel along Delaware Bay is roughly funnel shaped over a large part of its domain.

46.     In the calendar year of 1968, defendant DNREC – Division of Watershed Stewardship undertook state-managed dredging operations of five (5) inland channels, including the Murderkill River estuary entrance channel along Delaware Bay, in Delaware, which over time developed into a comprehensive waterway management program.

47.     On December 6, 2013, The United States Army Corps of Engineers issued permit number CENAP-OP-R-2013-1033023 to the defendant DNREC – Division of Watershed Stewardship to undertake a state-managed hydraulic maintenance dredging of the Murderkill River estuary entrance channel along Delaware Bay, Bowers Beach and South Bowers Beach, Kent County, Delaware and conduct beach nourishment activities along the shoreline of South Bowers Beach, among others.

48.     Permit number CENAP-OP-R-2013-1033023 authorized the defendant DNREC – Division of Watershed Stewardship to conduct maintenance dredging of the Murderkill River estuary entrance channel along Delaware Bay, Bowers Beach and South Bowers Beach, Kent County, Delaware for a period of ten (10) years to terminate December 31, 2024.

**Defendant Manson Construction Company's Dredging of The Murderkill
<u>River Estuary Entrance Channel in the Calendar Year 2014</u>**

49.     In or about the calendar year of 2014, the defendant DNREC – Division of Watershed Stewardship contracted with defendant Manson Construction to undertake a dredging operation of the Murderkill River estuary entrance channel and the Murderkill River.

50.     Pursuant to the terms of the government contract, during the time period of January 26, 2014, through February 18, 2014, defendant Manson Construction dredged the Murderkill River estuary entrance channel along Delaware Bay, removing Forty-Five Thousand (45,000) cubic yards of dredged material, and dedicated the dredged material to nourish the shoreline of South Bowers Beach.

51.     The dredging operation undertaken by defendant Manson Construction during the time period of January 26, 2014, through February 18, 2014, significantly increased the depth of the Murderkill River estuary entrance channel to the Delaware Bay.

52.     The increased channel depth in the Murderkill River estuary channel created by defendant Manson Construction's 2014 dredging operation significantly altered the physics of the estuary and caused the velocity of the movement of the water during tide change to be amplified at South Bowers Beach near the Murderkill River estuary.

53.     The increased velocity of the water's current realized at South Bowers Beach near the Murderkill River estuary during the tide change as a result of defendant Manson Construction's 2014 dredging operation created a dangerous and unreasonable hazard to unsuspecting recreational swimmers at South Bowers Beach.

### Defendant Kingfisher Environmental Services, Inc.'s Dredging of The Murderkill River Estuary Entrance Channel in The Calendar Year 2015

54.     On or about May 20, 2015, defendant DNREC – Division of Watershed Stewardship contracted with defendant Kingfisher Environmental Services, Inc. to undertake a dredging operation of the Murderkill River estuary entrance channel and the Murderkill River.

55.     On or about June 11, 2015, through November 18, 2015, defendant Kingfisher Environmental Services, Inc. dredged the Murderkill River estuary entrance channel along Delaware Bay, removing Forty-Five Thousand (45,000) cubic yards of dredged material, and dedicated the dredged material to nourish the shoreline of South Bowers Beach and extend the jetty north of the Murderkill River.

56.     The 2015 dredging operation undertaken by defendant Kingfisher Environmental Services, Inc. significantly increased the depth of the Murderkill River estuary entrance channel to the Delaware Bay.

57.     The increased channel depth in the Murderkill River estuary channel created by defendant Kingfisher Environmental Services, Inc.'s 2015 dredging operation significantly altered the physics of the estuary and caused the velocity of the movement of the water during tide change to be amplified at South Bowers Beach near the Murderkill River estuary.

58.     The increased velocity of the water's current realized at South Bowers Beach near the Murderkill River estuary during the tide change as a result of the defendant Kingfisher Environmental Services, Inc.'s dredging operation created a dangerous and unreasonable hazard to unsuspecting recreational swimmers at South Bowers Beach.

## The June 30, 2020, Drowning Deaths of Decedents
## Kevin George, Jr. and Zion George

59.     On June 30, 2020, at or about 2:47 p.m., the Murderkill River estuary channel at the mouth of the Delaware Bay abutting South Bowers Beach presented, what appeared to the unsuspecting beach goer as calm water safe for recreational swimming.

60.     On June 30, 2020, at or about 2:47 p.m., the Murderkill River estuary channel at the mouth of the Delaware Bay and the Murderkill River abutting South Bowers Beach presented no visible signs of danger.

61.     On June 30, 2020, at or about 2:47 p.m., Kevin George, Jr., Zion George, Jr., and Amir Harris entered the intertidal of the Delaware Bay at South Bowers Beach in a location south of the sand bar jetty appearing at the Murderkill River's mouth of the Delaware Bay and swam in the northbound direction to the shallower waters of the sand bar jetty.

62.     On June 30, 2020, at or about 2:47 p.m., Kevin George, Jr., Zion George, Jr., and Amir Harris reached the sand bar jetty at the Murderkill River's mouth of the Delaware Bay.

63.     On June 30, 2020, at or about 2:47 p.m., unsuspecting of any danger and with the intent to leisurely swim in the water Kevin George, Jr., Zion George, Jr., and Amir Harris continued north of the sand bar jetty and into the Murderkill River's mouth of the Delaware Bay.

64.     Mr. Michael Hignutt, the Assistant Chief of South Bowers Beach Fire Company, along with Mr. Timothy Smith, were fishing from the bank of the Murderkill River in the area of the sand bar jetty at the mouth of the Delaware Bay and observed the three (3) men enter the water at the Murderkill River's mouth of the Delaware Bay.

65.     Upon entering the Murderkill River's mouth of the Delaware Bay Kevin George, Jr., Zion George, Jr., and Amir Harris unexpectedly found the shallower water of the sand bar jetty suddenly dropped-off at an underwater ledge to a depth of water descending in excess of some seven (7) feet.

66.     As a result of the sudden drop-off of the depth of the water of the Murderkill River, Kevin George, Jr., Zion George, Jr., and Amir Harris found themselves unexpectedly in a water depth over their heads with their bodies being pulled under the water and into the Murderkill River away from the shoreline by the strong tidal current.

67.     Kevin George, Jr., Zion George, Jr., and Amir Harris screamed in distress as they struggled to surface against the force of the tide which pulled their bodies under the water's surface and away from the shoreline.

68.     Destiny Deluca heard Kevin George, Jr., Zion George, Jr., and Amir Harris screaming in distress from her location on the beach.

69.     In a state of hysteria, Destiny Deluca ran from her location on the beach in the direction of the sand bar jetty and entered the water of the Murderkill River north of the sand bar jetty at the mouth of the Delaware Bay with an intent to rescue Kevin George, Jr., Zion George, Jr., and Amir Harris.

70.     The strong tidal current immediately pulled her body under the surface of the water and into the Murderkill River away from the shoreline.

71.     Destiny Deluca soon fatigued, found herself struggling to save herself from drowning.

72.     Amir Harris was able to reach the shoreline and save himself from drowning where he was

16

attended to by Firefighter Michael Hignutt.

73.     Destiny Deluca was able to reach the shoreline and save herself from drowning where she was attended to by Firefighter Michael Hignutt.

74.     On June 30, 2020, a six (6) hour search mission for Kevin George, Jr., and Zion George, Jr. spanning the time of 3:00 p.m. to 9:00 p.m. was undertaken by multiple police, fire, maritime and paramedic agencies that responded to the area.

75.     The search mission undertaken June 30, 2020, was called off by authorities due to darkness.

76.     On the morning of July 1, 2020, the search and recovery mission resumed morning, with brothers Kevin George, Jr., and Zion George, Jr. presumed dead.

77.     On  July 1, 2020, at 10:30 a.m., searchers found the bodies of Kevin George, Jr. and Zion George in the Murderkill River close to where they had been last seen in the water.

## SURVIVORS OF DECEDENTS KEVIN GEORGE, JR AND ZION GEORGE

78.     Plaintiff Anterine Maple incorporates by reference the previous paragraphs of the Complaint as if set forth fully herein.

79.     Decedent Kevin George, Jr.  has left the following beneficiaries surviving him:

   (a)     Plaintiff Anterine Maple, parent.

   (b)     Kevin George, Sr., parent

80.     Decedent Zion George has left the following beneficiaries surviving him:

   (a)     S.Z., a minor

   (b)     Plaintiff Anterine Maple, parent.

   (c)     Kevin George, Sr., parent

81.     There have been no actions brought by the plaintiff's decedents during their lifetime upon the allegations set forth within the body of this Complaint.

**FIRST CAUSES OF ACTION - WRONGFUL DEATH**
**COUNT I**
**VIOLATIONS OF CIVIL RIGHTS - 42 U.S.C.A. § 1983**
**SUBSTANTIVE DUE PROCESS – FOURTEENTH AMENDMENT**
**(Anterine Maple, Administratrix of the Estate of Kevin George, Jr. deceased, and the**
**Estate of Zion George, deceased v Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse**
**Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant**
**Melville, and Matthew Ritter)**

**State Created Theory of Liability – Individual Direct Liability**

82.     Plaintiff Anterine Maple incorporates by reference the previous paragraphs of the Complaint as if set forth fully herein.

83.     Plaintiff Anterine Maple advances this wrongful death action on behalf of the survivors of the decedents by virtue of Delaware Code, Title 10 §§ 3721 to 3725 [relating to Wrongful Death Actions].

84.     This civil action is advanced to recover on behalf of statutory beneficiaries all damages recoverable under the Delaware Wrongful Death Act.

85.     At all material times relevant to the subject matter described in this Complaint, the Fourteenth Amendment of the United States Constitution conferred upon the plaintiff's decedents a substantive due process right to be free of government officials' deliberate indifference to, or acts that increase the risk of serious injury or death from unjustified invasions of bodily integrity.

86.     At all material times relevant to the subject matter described in this Complaint, the Fourteenth Amendment of the United States Constitution conferred upon the plaintiff's decedents a substantive due process right to the affirmative intervention by state actors to minimize the risk of drowning.

87.     At all material times relevant to the subject matter described in this Complaint, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter were persons within the meaning of 42 U.S.C.A. § 1983.

88.     At all material times relevant to the subject matter described in this Complaint, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter acted under the color of state law.

89.     At all material times relevant to the subject matter described in this Complaint, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter owed plaintiff's decedents a statutory duty pursuant to 42 U.S.C.A. § 1983 to act in a manner to safeguard rights of the plaintiff's decedents secured by the United States Constitution.

90.     At all material times relevant to the subject matter described in this Complaint, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter affirmatively used their authority to cause the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay to be undertaken in the calendar years of 2014 and 2015.

91.     At all material times relevant to the subject matter described in this Complaint, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter directed or otherwise caused the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay to be undertaken in the calendar years of 2014 and 2015.

92.     The dredging operations of the Murderkill River estuary entrance channel along Delaware Bay undertaken in the calendar years of 2014 and 2015 significantly changed the status quo of the bathymetry of the Murderkill River estuary entrance channel along Delaware Bay creating a hazard to recreational swimmers, such as the plaintiff's decedents, or rendered them more vulnerable to danger than had the dredging operation not been undertaken at all.

93.     At all material times relevant to the subject matter described in this Complaint, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter knew or reasonably should have known that South Bowers Beach near the Murderkill River estuary would be used for recreational activities, inclusive of swimming, during tide changes after completion of its dredging project.

94.     At all material times relevant to the subject matter described in this Complaint, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter knew or reasonably should have known that the dredging of the Murderkill River estuary channel would alter the tidal force, amplify the velocity of the moment of water during tide change at South Bowers Beach near the Murderkill River estuary, and create a dangerous and unreasonable hazard to unsuspecting recreational swimmers, such as the plaintiff's decedents, at South Bowers Beach.

95.     At all material times relevant to the subject matter described in this Complaint, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter knew or reasonably should have known that the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay undertaken in the calendar years of 2014 and 2015 created a hazard to recreational swimmers at South Bowers Beach.

96.     The plaintiff decedents were members of a discrete class of persons subjected to the potential harm brought about by the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay undertaken in the calendar years of 2014 and 2015 upon the basis:

        (a)     The plaintiff's decedents were members of a small, defined group of potential victims, unsuspecting day-vacation recreational swimmers swimming in the immediate area of the Murderkill River estuary channel at the mouth of South Bowers Beach during tidal change;

(b)      It reasonably could be expected of the defendants to know that the dredging of the Murderkill River estuary channel created a danger specific to unsuspecting recreational swimmers swimming in the immediate location of the Murderkill River estuary channel at the mouth of South Bowers Beach, such as the plaintiff's decedents;

(c)      The dangers presented by the amplified tidal force created by the dredging of the Murderkill River estuary channel jeopardized the safety of only unsuspecting recreational swimmers, such as the plaintiff's decedents, swimming in the immediate location of the Murderkill River estuary channel at the mouth of South Bowers Beach;

(d)      The dangers presented by the amplified tidal force created by the dredging of the Murderkill River estuary channel was limited in scope of time;

(e)      The dangers presented by the amplified tidal force created by the dredging of the Murderkill River estuary channel was limited in scope of geographic locale;

(f)      The drowning of unsuspecting recreational swimmers, such as the plaintiff's decedents, was predictable and reasonably foreseeable;

(g)      The plaintiff's decedents, as day-vacation recreational swimmers, were part of a limited and specifically definable group.

97.      At all material times relevant to the subject matter described in this Complaint, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter knew or reasonably should have known that South Bowers Beach near the Murderkill River estuary would be used for recreational activities, inclusive of recreational swimming during tide changes.

98.      At all material times relevant to the subject matter described in this Complaint, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II,

Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter knew or reasonably should have known that South Bowers Beach near the Murderkill River estuary and the Murderkill River was an unguarded beach and swimming area.

99.     At all material times relevant to the subject matter described in this Complaint, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter knew or reasonably should have suspected that day-vacationers, such as the plaintiff's decedents, would not discover or realize the dangerous and unreasonable risk of harm which the tidal force at South Bowers Beach near the Murderkill River estuary and the Murderkill River presented to recreational swimmers at South Bowers Beach.

100.     At all material times relevant to the subject matter described in this Complaint, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter knew or reasonably should have known that it was practically certain that recreational swimmers at South Bowers Beach and the Murderkill River, such as the plaintiff's decedents, would suffer harm, injury, or death by drowning as a result of the dredging of the Murderkill River estuary channel.

101.     As a direct and proximate result of defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter's  exercise of executive power which resulted in the undertaking of the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay in the calendar years of 2014 and 2015 plaintiff's decedents were caused to suffer a violation of substantive due process rights as protected by the Fourteenth Amendment of the United States Constitution.

102.     As a direct and proximate result of the above-described affirmative action of defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II,

Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter's exercise of executive power, plaintiff Anterine Maple has been caused to incur funeral, burial, and estate administration expenses associated with the death of the decedents.

103.    As a direct and proximate result of the above described affirmative action of defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter's  exercise of executive power, plaintiff Anterine Maple and wrongful death beneficiaries were caused to suffer the loss of any contribution she and the remaining family of the decedent would have received from the decedents but for their deaths, including amounts of money for such items as shelter, food, clothing, medical care, education, entertainment, gifts and recreation.

104.    As a direct and proximate result of the above-described affirmative action of defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter's exercise of executive power, plaintiff Anterine Maple and wrongful death beneficiaries were caused to suffer the loss of the monetary value of all sums that the decedents would have contributed to the support of her family during their reasonable life expectancy.

105.    As a direct and proximate result of the above-described affirmative action of defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter's  exercise of executive power, plaintiff Anterine Maple and wrongful death beneficiaries were caused to suffer the loss of the monetary value associated with grief, mental anguish, the services of companionship, comfort, society, guidance, solace, love, affection, companionship, support, and protection that the decedents would have given to her and her family during their reasonable life expectancy.

106.    At all material times relevant to the subject matter described in this Complaint, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter acted with a degree of culpability that shocks the conscience of a reasonable person.

107.    The aforementioned actions of defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter were outrageous, extreme, beyond all possible bounds of decency, and is to be regarded as intolerable in a civilized community.

108.    As a direct and proximate result of the above-described affirmative action of defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter the plaintiff Anterine Maple has been caused to incur attorney's fees and costs prosecuting this matter.

WHEREFORE, plaintiff Anterine Maple individually and as Administratrix of the Estate of Kevin George, Jr. deceased, and the Estate of Zion George prays for judgment against defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter, jointly and severally, and the relief which follows:

I.      That plaintiff be awarded compensatory damages as proven;

II.     That plaintiff be awarded reasonable attorney's fees as provided for pursuant to 42 U.S.C.A. § 1988;

III.    That plaintiff be awarded the cost of prosecuting this claim as provided for pursuant to 42 U.S.C.A. § 1988;

IV.     That plaintiff be awarded reasonable expert fees as provided for pursuant to 42 U.S.C.A. § 1988;

V.      That plaintiff be awarded interest and damages for prejudgment delay;

VI.     That plaintiff be awarded further relief as this Court may deem appropriate.


## COUNT II
## VIOLATIONS OF CIVIL RIGHTS - 42 U.S.C.A. § 1983
## SUBSTANTIVE DUE PROCESS – FOURTEENTH AMENDMENT
## (Anterine Maple, Administratrix of the Estate of Kevin George, Jr. deceased, and the Estate of Zion George, deceased v Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter)

### State Created Theory of Liability – Supervisory Liability

109.    Plaintiff Anterine Maple incorporates by reference the previous paragraphs of the Complaint as if set forth fully herein.

110.    At all material times relevant to the subject matter described in this Complaint, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter, as employees of defendants DNREC – Division of Watershed Stewardship and DNREC – Division of Parks and Recreation, served as supervisors responsible to maintain policies, customs, practices and procedures in connection with subordinate employees facilitating the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay.

111.    At all material times relevant to the subject matter described in this Complaint, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter, as employees of defendants DNREC – Division of Watershed Stewardship and DNREC – Division of Parks and Recreation served as supervisors responsible to maintain policies, customs, practices and procedures in connection with the training and education of subordinate employees to equip them in  facilitating the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay.

112.    At all material times relevant to the subject matter described in this Complaint, the employee training and education policies of subordinates under which defendants DNREC – Division of Watershed Stewardship and DNREC – Division of Parks and Recreation operated was inadequate to equip subordinate employees to ensure that appropriate measures were taken to safeguard unsuspecting recreational swimmers at South Bowers Beach from the latent dangers created by the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay.

113.    At all material times relevant to the subject matter described in this Complaint, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter knew that the employee training and education policies of subordinates under which defendants DNREC – Division of Watershed Stewardship and DNREC – Division of Parks and Recreation operated was inadequate to equip subordinate employees to ensure that appropriate measures were taken to safeguard unsuspecting recreational swimmers at South Bowers Beach from the latent dangers created by the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay.

114.    Defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter made a deliberate and conscious choice not to take reasonable measures to improve the employee training and education policies of subordinates under which defendants DNREC – Division of Watershed Stewardship and DNREC – Division of Parks and Recreation operated to ensure that subordinate employees were sufficiently equipped to undertake appropriate measures to safeguard unsuspecting recreational swimmers at South Bowers Beach from the latent dangers created by the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay.

115.    With a deliberate indifference to the constitutional rights of the plaintiff's decedents, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter failed to train and educate subordinate employees sufficient to ensure that appropriate measures were taken to safeguard unsuspecting recreational swimmers at South Bowers Beach from the latent dangers created by the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay.

116.    With a deliberate indifference to the constitutional rights of the plaintiff's decedents, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter failed to supervise subordinate employees sufficient to ensure that appropriate measures were taken to safeguard unsuspecting recreational swimmers at South Bowers Beach from the latent dangers created by the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay.

117.    As a direct and proximate result of defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter's deliberate and conscious choice not to take reasonable measures to train, educate, and supervise subordinate employees sufficient to ensure that appropriate measures were taken to safeguard unsuspecting recreational swimmers at South Bowers Beach from the latent dangers created by the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay, plaintiff's decedents were caused to suffer a violation of substantive due process rights as protected by the Fourteenth Amendment of the United States Constitution.

118.    As a direct and proximate result of defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter's  deliberate and conscious choice not to take reasonable measures to train, educate, and

supervise subordinate employees sufficient to ensure that appropriate measures were taken to safeguard unsuspecting recreational swimmers at South Bowers Beach from the latent dangers created by the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay, plaintiff Anterine Maple and wrongful death beneficiaries were caused to suffer those various injuries and loss and expenses as set forth above.

119.    As a direct and proximate result of the above-described affirmative action of defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter, the plaintiff Anterine Maple has been caused to incur attorney's fees and costs prosecuting this matter.

WHEREFORE, plaintiff Anterine Maple individually and as Administratrix of the Estate of Kevin George, Jr. deceased, and the Estate of Zion George prays for judgment against defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter, jointly and severally, and the relief which follows:

I.      That plaintiff be awarded compensatory damages as proven;

II.     That plaintiff be awarded reasonable attorney's fees as provided for pursuant to 42 U.S.C.A. § 1988;

III.    That plaintiff be awarded the cost of prosecuting this claim as provided for pursuant to 42 U.S.C.A. § 1988;

IV.     That plaintiff be awarded reasonable expert fees as provided for pursuant to 42 U.S.C.A. § 1988;

V.      That plaintiff be awarded interest and damages for prejudgment delay;

VI.     That plaintiff be awarded further relief as this Court may deem appropriate.

**COUNT III**
**VIOLATIONS OF CIVIL RIGHTS - 42 U.S.C.A. § 1983**
**SUBSTANTIVE DUE PROCESS – FOURTEENTH AMENDMENT**
**(Anterine Maple, Administratrix of the Estate of Kevin George, Jr. deceased, and the**
**Estate of Zion George, deceased v Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse**
**Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant**
**Melville, and Matthew Ritter)**

**Failure to Warn Theory of Liability – Individual Direct Liability**

120.    Plaintiff Anterine Maple incorporates by reference the previous paragraphs of the Complaint as if set forth fully herein.

121.    At all material times relevant to the subject matter described in this Complaint, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter knew or reasonably should have known that South Bowers Beach near the Murderkill River estuary and the Murderkill River was an unguarded beach and swimming area.

122.    At all material times relevant to the subject matter described in this Complaint, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter knew or reasonably should have suspected that day-vacationers, such as the plaintiff's decedents, would not discover or realize the dangerous and unreasonable risk of harm which the tidal force at South Bowers Beach near the Murderkill River estuary and the Murderkill River presented to recreational swimmers at South Bowers Beach.

123.    At all material times relevant to the subject matter described in this Complaint, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter knew or reasonably should have known  that it was practically certain that drownings of recreational swimmers would result at South Bowers Beach in the event that no warning or notice signs were posted at or on South Bowers Beach near the Murderkill River

29

estuary and the Murderkill River alerting beachgoers, such as the plaintiff's decedents, that the variance in velocity of the water's current during the tide change made recreational swimming hazardous.

124.     At all material times it was apparent that there was an imminent likelihood that drownings of recreational swimmers at South Bowers Beach and the Murderkill River would occur in the event that no warning or notice signs were posted at or on South Bowers Beach near the Murderkill River estuary alerting beachgoers, such as the plaintiff's decedents, that the variance in velocity of the water's current during the tide change made recreational swimming hazardous.

125.     At all material times relevant to the subject matter described in this Complaint, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter had the ability and where-with-all to provide effective warnings to foreseeable unsuspecting recreational swimmers on South Bowers Beach and the Murderkill River of the dangerous and unreasonable risk of harm which the tidal force at South Bowers Beach near the Murderkill River estuary presented to recreational swimmers sufficient to prevent drowning events.

126.     At all material times relevant to the subject matter described in this Complaint, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter acted under circumstances in which actual deliberation was possible.

127.     At all material times relevant to the subject matter described in this Complaint, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter arbitrarily and with a reckless indifference to the protected rights of the plaintiff's decedents, chose to take no action sufficient to notify recreational swimmers at South Bowers Beach and the Murderkill River that the dredging operations of the

Murderkill River estuary entrance channel along Delaware Bay undertaken in the calendar years of 2014 and 2015 created a latent hazard to recreational swimmers at South Bowers Beach.

128.     Choosing to take no action sufficient to notify recreational swimmers at South Bowers Beach that the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay undertaken in the calendar years of 2014 and 2015 created a latent hazard to recreational swimmers at South Bowers Beach and the Murderkill River, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter acted with an indifference to the foreseeable of consequence that recreational swimmers would suffer drownings at South Bowers Beach and in the Murderkill River.

129.     Choosing to take no action sufficient to notify recreational swimmers at South Bowers Beach that the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay undertaken in the calendar years of 2014 and 2015 created a latent hazard to recreational swimmers at South Bowers Beach and the Murderkill River during tidal changes,  defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter  acted with sustained recklessness in the face of an obvious risk of harm to foreseeable recreational swimmers at South Bowers Beach and the Murderkill River during tidal changes.

130.     Defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter  demonstrated a persistent marked disregard for the safety of recreational swimmers in choosing to take no action sufficient to notify recreational swimmers at South Bowers Beach and the Murderkill River that the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay undertaken in the calendar

years of 2014 and 2015 created a latent hazard to recreational swimmers at South Bowers Beach and the Murderkill River during tidal changes.

131.     Defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter were grossly negligent choosing to take no action sufficient to notify recreational swimmers at South Bowers Beach and the Murderkill River that the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay undertaken in the calendar years of 2014 and 2015 created a latent hazard to recreational swimmers at South Bowers Beach and the Murderkill River during tidal changes.

132.     As a direct and proximate result of defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter's, deliberate and conscious choice not to warn of the dangers sufficient to safeguard unsuspecting recreational swimmers at South Bowers Beach and the Murderkill River during tidal changes from the latent dangers created by the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay,  plaintiff's decedents were caused to suffer a violation of substantive due process rights as protected by the Fourteenth Amendment of the United States Constitution.

133.     As a direct and proximate result of defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter's deliberate and conscious choice not to take reasonable measures to safeguard unsuspecting recreational swimmers at South Bowers Beach and the Murderkill River during tidal changes from the latent dangers created by the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay, plaintiff Anterine Maple and wrongful death beneficiaries were caused to suffer those various injuries, loss and expenses as set forth above.

134.    As a direct and proximate result of the above-described affirmative action of defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter, the plaintiff Anterine Maple has been caused to incur attorney's fees and costs prosecuting this matter.

WHEREFORE, plaintiff Anterine Maple individually and as Administratrix of the Estate of Kevin George, Jr. deceased, and the Estate of Zion George prays for judgment against defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter, jointly and severally, and the relief which follows:

I.      That plaintiff be awarded compensatory damages as proven;

II.     That plaintiff be awarded reasonable attorney's fees as provided for pursuant to 42 U.S.C.A. § 1988;

III.    That plaintiff be awarded the cost of prosecuting this claim as provided for pursuant to 42 U.S.C.A. § 1988;

IV.     That plaintiff be awarded reasonable expert fees as provided for pursuant to 42 U.S.C.A. § 1988;

V.      That plaintiff be awarded interest and damages for prejudgment delay;

VI.     That plaintiff be awarded further relief as this Court may deem appropriate.

**COUNT IV**
**VIOLATIONS OF CIVIL RIGHTS - 42 U.S.C.A. § 1983**
**SUBSTANTIVE DUE PROCESS – FOURTEENTH AMENDMENT**
**(Anterine Maple, Administratrix of the Estate of Kevin George, Jr. deceased, and the**
**Estate of Zion George, deceased v Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse**
**Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant**
**Melville, and Matthew Ritter)**

**Failure to Warn Theory of Liability – Supervisor Liability**

135.    Plaintiff Anterine Maple incorporates by reference the previous paragraphs of the Complaint as if set forth fully herein.

136.    At all material times relevant to the subject matter described in this Complaint, the employee training and education policies of subordinates under which defendants DNREC – Division of Watershed Stewardship and DNREC – Division of Parks and Recreation operated was inadequate to equip subordinate employees to warn of unsuspecting recreational swimmers at South Bowers Beach and the Murderkill River during tidal changes from the latent dangers created by the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay sufficient to prevent drowning deaths.

137.    At all material times relevant to the subject matter described in this Complaint, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter knew that the employee training and education policies of subordinates under which defendants DNREC – Division of Watershed Stewardship and DNREC – Division of Parks and Recreation operated were inadequate to equip subordinate employees to ensure that appropriate measures were taken to provide warning to unsuspecting recreational swimmers at South Bowers Beach and the Murderkill River during tidal changes from the latent dangers created by the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay sufficient to prevent drowning deaths.

138.     Defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter made a deliberate and conscious choice not to take reasonable measures to improve the employee training and education policies of subordinates under which defendants DNREC – Division of Watershed Stewardship and DNREC – Division of Parks and Recreation operated to ensure that subordinate employees were sufficiently equipped to undertake appropriate measures to provide warnings to safeguard unsuspecting recreational swimmers at South Bowers Beach and the Murderkill River during tidal changes from the latent dangers created by the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay sufficient to prevent drowning deaths.

139.     With a deliberate indifference to the constitutional rights of the plaintiff's decedents, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter failed to train and educate subordinate employees sufficient to ensure that subordinates took appropriate measures to warn unsuspecting recreational swimmers at South Bowers Beach and the Murderkill River during tidal changes from the latent dangers created by the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay sufficient to prevent drowning deaths.

140.     With a deliberate indifference to the constitutional rights of the plaintiff's decedents, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter failed to supervise subordinate employees sufficient to ensure that subordinates took appropriate measures to warn unsuspecting recreational swimmers at South Bowers Beach and the Murderkill River during tidal changes from the latent dangers created by the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay sufficient to prevent drowning deaths.

141.     As a direct and proximate result of defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter's  deliberate and conscious choice not to take reasonable measures to train, educate, and supervise subordinate employees sufficient to ensure that subordinates took appropriate measures to warn unsuspecting recreational swimmers at South Bowers Beach and the Murderkill River during tidal changes from the latent dangers created by the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay adequate to prevent drowning deaths, plaintiff's decedents were caused to suffer a violation of substantive due process rights as protected by the Fourteenth Amendment of the United States Constitution.

142.     As a direct and proximate result of defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter's deliberate and conscious choice not to take reasonable measures to train, educate, and supervise subordinate employees sufficient to ensure that appropriate measures were taken to safeguard unsuspecting recreational swimmers at South Bowers Beach and the Murderkill River during tidal changes from the latent dangers created by the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay, plaintiff Anterine Maple and wrongful death beneficiaries were caused to suffer those various injuries and loss and expenses as set forth above.

143.     As a direct and proximate result of the above-described affirmative action of defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter, the plaintiff Anterine Maple has been caused to incur attorney's fees and costs prosecuting this matter.

WHEREFORE, plaintiff Anterine Maple individually and as Administratrix of the Estate of Kevin George, Jr. deceased, and the Estate of Zion George prays for judgment against defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter, jointly and severally, and the relief which follows:

I.      That plaintiff be awarded compensatory damages as proven;

II.     That plaintiff be awarded reasonable attorney's fees as provided for pursuant to 42 U.S.C.A. § 1988;

III.    That plaintiff be awarded the cost of prosecuting this claim as provided for pursuant to 42 U.S.C.A. § 1988;

IV.     That plaintiff be awarded reasonable expert fees as provided for pursuant to 42 U.S.C.A. § 1988;

V.      That plaintiff be awarded interest and damages for prejudgment delay;

VI.     That plaintiff be awarded further relief as this Court may deem appropriate.

## COUNT V
## DELAWARE TORT CLAIMS ACT – 10 DEL. C. § 4001
## EXCEPTIONS TO SOVEREIGN IMMUNITY
## (Anterine Maple, Administratrix of the Estate of Kevin George, Jr. deceased, and the Estate of Zion George, deceased v DNREC – Div. of Parks and Recreation)

144.    Plaintiff Anterine Maple incorporates by reference the previous paragraphs of the Complaint as if set forth fully herein.

145.    At all relevant times material hereto, the oceanfront beach and shoreline of South Bowers Beach, located Kent County, Delaware extending landward one thousand (1,000) feet and seaward two thousand five hundred (2,500) feet (hereinafter "*South Bowers Beach*"), was public land owned by the state of Delaware.

146.     At all relevant times material hereto, the plaintiff's decedents were upon the beach as licensee guests without payment.

147.     At all relevant times material hereto, the plaintiff's decedents did not know of or have reason to know of the significant change in the velocity of the movement of water at South Bowers Beach near the Murderkill River estuary or the Murderkill River during tide change.

148.     At all relevant times material hereto, the plaintiff's decedents did not know of or have reason to know of the dangerous and unreasonable risk of harm which the significant change in the velocity of the movement of water at South Bowers Beach near the Murderkill River estuary and the Murderkill River presented to recreational swimmers at South Bowers Beach.

149.     At all relevant times material hereto, pursuant to the provisions of the Delaware Code, 7 Del. C. § 4504(a) [relating to Supervision and Control of Public Lands by Department of Natural Resources and Environmental Control; Public Beaches; Penalty] defendant DNREC – Parks and Recreation was charged with the responsibility of supervising and controlling the care of the public lands.

150.     At all relevant times material hereto, pursuant to the provisions of the Delaware Code, 7 Del. C. § 4504(a) [relating to Supervision and Control of Public Lands by Department of Natural Resources and Environmental Control; Public Beaches; Penalty], defendant DNREC – Parks and Recreation was charged with the responsibility of promoting, regulating the use of, and caring for the aforementioned public South Bowers Beach and the Murderkill River.

151.     At all relevant times material hereto, pursuant to the provisions of the Delaware Code, 7 Del. C. § 4509 [relating to Improvement of Public Lands], defendant DNREC – Parks and Recreation was authorized to make improvements to and on any public lands within the State of Delaware, inclusive of South Bowers Beach and the Murderkill River.

152.     At all relevant times material hereto, pursuant to the provisions of the Delaware Code, 7 Del. C. § 6803 [relating to Authority to Enhance, Preserve and Protect Beaches] defendant DNREC – Parks and Recreation was authorized to enhance, preserve, and protect public beaches and waterways within the State of Delaware, inclusive of South Bowers Beach, and the Murderkill River.

153.     At all relevant times material hereto, pursuant to the provisions of the Delaware Code, 7 Del. C. § 6804 [relating to Privately owned beaches] defendant DNREC – Parks and Recreation was authorized to enhance, preserve, and protect private beaches and waterways within the State of Delaware, inclusive of South Bowers Beach, and the Murderkill River.

154.     At all relevant times material hereto, the public South Bowers Beach and the Murderkill River were applicable land under the jurisdiction of defendant DNREC – Parks and Recreation within the meaning of the Delaware Administrative Code, 7 DE Admin. Code §§ 9201-2.1 and 9201-2.2

155.     At all relevant times material hereto, pursuant to the provisions of the Delaware Administrative Code, 7 DE Admin. Code §§ 9201-2.1 and 9201-2.2, defendant DNREC – Parks and Recreation was charged with responsibility to govern the use of all applicable lands, inclusive of South Bowers Beach and the Murderkill River.

156.     At all relevant times material hereto, pursuant to the provisions of the Delaware Administrative Code, 7 DE Admin. Code §§ 9201-2.1 and 9201-2.2, defendant DNREC – Parks and Recreation was charged with responsibility to take action to ensure the safety, protection and general welfare of the visitors and personnel on properties under its jurisdiction, inclusive of South Bowers Beach and the Murderkill River.

157.     At all relevant times material hereto, defendant DNREC – Parks and Recreation was vested with the responsibility to abate dangerous conditions of public lands and waterways under its jurisdiction.

158.     Pursuant to the provisions of the Delaware Administrative Code, 7 DE Admin. Code §§ 9201-2.1 and 9201-2.2 defendant DNREC – Parks and Recreation was authorized to implement the rules and regulations to ensure the safety, protection and general welfare of the visitors and personnel on properties and waterways under its jurisdiction.

159.     Defendant DNREC – Parks and Recreation implemented various rules, regulations, and policies seeking to provide a safe and healthful environment for visitors, by reducing or removing known hazards and applying other appropriate measures, including closures, guarding, posting of signage, or other forms of education.

160.     At all relevant times material hereto, defendant DNREC – Parks and Recreation was vested with broad discretion regarding the manner in which to warn the public of dangerous conditions of public lands and waterways under its jurisdiction.

161.     At all relevant times material hereto, defendant DNREC – Parks and Recreation knew or reasonably should have known that South Bowers Beach near the Murderkill River estuary and the Murderkill River would be used for recreational activities, inclusive of recreational swimming, during tide changes.

162.     At all relevant times material hereto, defendant DNREC – Parks and Recreation knew or reasonably should have known that South Bowers Beach near the Murderkill River estuary and the Murderkill River was an unguarded beach and swimming area.

163.     At all relevant times material hereto, defendant DNREC – Parks and Recreation knew or had to know that the velocity of the movement of water at South Bowers Beach near the Murderkill River estuary and the Murderkill River created a dangerous and unreasonable risk of harm to unsuspecting recreational swimmers at South Bowers Beach and the Murderkill River.

164.     At all relevant times material hereto, defendant DNREC – Parks and Recreation knew or reasonably should have suspected that vacationers, such as the plaintiff's decedents, would not discover or

realize the dangerous and unreasonable risk of harm which the tidal force at South Bowers Beach near the Murderkill River estuary and the Murderkill River presented to recreational swimmers.

165.   At all material times defendant DNREC – Parks and Recreation knew or reasonably should have known that it was practically certain that drownings of recreational swimmers would result at South Bowers Beach and the Murderkill River in the event that no warning or notice signs were posted at or on South Bowers Beach near the Murderkill River estuary alerting beachgoers, such as the plaintiff's decedents, that the variance in velocity of the water's current during the tide change made recreational swimming hazardous.

166.   At all material times it was apparent that there was an imminent likelihood that drownings of recreational swimmers at South Bowers Beach and the Murderkill River would occur in the event that no warning or notice signs were posted at or on South Bowers Beach near the Murderkill River estuary alerting beachgoers, such as the plaintiff's decedents, that the variance in velocity of the water's current during the tide change made recreational swimming hazardous.

167.   At all material times defendant DNREC – Parks and Recreation knew or reasonably should have known that the Murderkill River estuary channel at the mouth of the Delaware Bay and the Murderkill River presented a dangerous condition of public lands and waterways during tidal changes.

168.   Defendant DNREC – Parks and Recreation owed the plaintiff's decedents a statutory duty of care to take action to ensure the safety, protection and general welfare of the visitors and personnel on properties and waterways under its jurisdiction.

169.   Defendant DNREC – Parks and Recreation owed the plaintiff's decedents a common law duty of care to refrain from acting with gross or wanton negligence toward licensees upon public lands and waterways under its jurisdiction.

170.     Defendant DNREC – Parks and Recreation owed the plaintiff's decedents an assumed duty of care to refrain from acting with gross or wanton negligence toward licensees upon public lands and waterways under its jurisdiction.

171.     Defendant DNREC – Parks and Recreation breached the duties of care owed the plaintiff's decedents, and remains liable within the meaning of the Delaware Code, 10 Del. C. § 4001, in the following, but not limited, ways:

(a)     Failed to exercise reasonable care to make the dangerous condition of South Bowers Beach and the Murderkill River safe for expected use;

(b)     Failed to take reasonable measures to warn the licensees of the dangerous condition of South Bowers Beach and the Murderkill River;

(c)     Failed to take reasonable measures to warn the licensees of the risk involved in recreational swimming at South Bowers Beach and the Murderkill River;

(d)     Failed to post warning or notice signs prohibiting recreational swimming at or on South Bowers Beach and the Murderkill River during tidal changes;

(e)     Failed to take reasonable measures to ensure public safety on public lands and waterways under its jurisdiction;

(f)     Failed to take reasonable measures to abate the dangerous condition existing on public lands and waterways under its jurisdiction.

172.     As a direct and proximate result of the defendant DNREC – Parks and Recreation's grossly negligent and wanton acts, omissions or failures to act, plaintiff Anterine Maple and wrongful death beneficiaries have been caused to suffer those various injuries, loss and expenses as set forth above.

WHEREFORE, plaintiff Anterine Maple individually and as Administratrix of the Estate of Kevin George, Jr. deceased, and the Estate of Zion George prays for judgment against defendant DNREC – Parks and Recreation, jointly and severally, and the relief which follows:

I.      That plaintiff be awarded compensatory damages as proven at trial;

II.     That plaintiff be awarded interest and damages for prejudgment delay;

III.    That plaintiff be awarded further relief as this Court may deem appropriate.

## COUNT VI
## DELAWARE TORT CLAIMS ACT – 10 DEL. C. § 4001
## EXCEPTIONS TO SOVEREIGN IMMUNITY
## (Anterine Maple, Administratrix of the Estate of Kevin George, Jr. deceased, and the Estate of Zion George, deceased v DNREC – Div. of Watershed Stewardship)

173.    Plaintiff Anterine Maple incorporates by reference the previous paragraphs of the Complaint as if set forth fully herein.

174.    At all relevant times material hereto, pursuant to the provisions of the Delaware Code, 7 Del. C. § 4504(a) [relating to Supervision and Control of Public Lands by Department of Natural Resources and Environmental Control; Public Beaches; Penalty] defendant DNREC – Division of Watershed Stewardship was charged with the responsibility of supervising and controlling the care of public lands, waterways, and certain private lands located within the State of Delaware, inclusive of South Bowers Beach.

175.    At all relevant times material hereto, pursuant to the provisions of the Delaware Code, 7 Del. C. § 4504(a) [relating to Supervision and Control of Public Lands and Certain Private Lands located in Delaware by Department of Natural Resources and Environmental Control; Public Beaches; Penalty], defendant DNREC – Division of Watershed Stewardship was charged with the responsibility of promoting, regulating the use of, and caring for public lands, waterways, and certain private lands located within the State of Delaware, inclusive of South Bowers Beach and the Murderkill River.

176.     At all relevant times material hereto, pursuant to the provisions of the Delaware Code, 7 Del. C. § 4509 [relating to Improvement of Public Lands], defendant DNREC – Division of Watershed Stewardship was authorized to make improvements to and on any public lands, waterways, and certain private lands inclusive of South Bowers Beach and the Murderkill River located within the State of Delaware.

177.     At all relevant times material hereto, pursuant to the provisions of the Delaware Code, 7 Del. C. § 6803 [relating to Authority to Enhance, Preserve and Protect Beaches] defendant DNREC – Division of Watershed Stewardship was authorized to enhance, preserve, and protect public beaches and waterways located within the State of Delaware. inclusive of South Bowers Beach and the Murderkill River.

178.     At all relevant times material hereto, pursuant to the provisions of the Delaware Code, 7 Del. C. § 6804 [relating to Privately Owned Beaches] defendant DNREC – Division of Watershed Stewardship was authorized to enhance, preserve, and protect public beaches and waterways located within the State of Delaware, inclusive of South Bowers Beach and the Murderkill River.

179.     At all relevant times material hereto, pursuant to the provisions of the Delaware Administrative Code, 7 DE Admin. Code § 5102 – 4.6.1 [relating to Other Activities Seaward of the Building Line], defendant DNREC – Division of Watershed Stewardship was charged with the responsibility of governing the alteration, digging, mining, moving, removal or deposition of any substantial amount of beach or other materials, which may affect enhancement, preservation or protection of beaches and waterways.

180.     At all relevant times material hereto, pursuant to the provisions of the Delaware Administrative Code, 7 DE Reg. § 5102 – 8.2.2 [relating to Violations and Penalties, defendant DNREC – Division of Watershed Stewardship was charged with the responsibility of abating a public nuisance created by the alteration, digging, mining, moving, removal or deposition of any substantial amount of beach or other materials, which may affect enhancement, preservation or protection of beaches and waterways.

181.    At all relevant times material hereto, defendant DNREC – Division of Watershed Stewardship was charged with the responsibility of supervising and controlling the care of waterways located within the State of Delaware, inclusive of the Murderkill River.

182.    At all relevant times material hereto, defendant DNREC – Division of Watershed Stewardship was vested with broad discretion regarding the manner in which to warn the public of dangerous conditions of public lands, certain private lands, and waterways under its jurisdiction, inclusive of South Bowers Beach and the Murderkill River.

183.    At all relevant times material hereto, defendant DNREC – Division of Watershed Stewardship was vested with broad discretion to abate dangerous conditions of public lands, certain private lands, and waterways under its jurisdiction, inclusive of South Bowers Beach and the Murderkill River.

184.    At all relevant times material hereto, defendant DNREC – Division of Watershed Stewardship knew or reasonably should have known that the South Bowers Beach near Murderkill River estuary and the Murderkill River would be used for recreational activities, inclusive of recreational swimming, during tide changes.

185.    At all relevant times material hereto, defendant DNREC – Division of Watershed Stewardship knew or reasonably should have known that South Bowers Beach near the Murderkill River estuary and the Murderkill River was an unguarded beach and swimming area.

186.    At all relevant times material hereto, defendant DNREC – Division of Watershed Stewardship knew or had to know that the velocity of the movement of water during tide change at South Bowers Beach near the Murderkill River estuary created a dangerous and unreasonable risk of harm to unsuspecting recreational swimmers at South Bowers Beach and the Murderkill River.

187.    At all relevant times material hereto, defendant DNREC – Division of Watershed Stewardship knew or reasonably should have suspected that vacationers, such as the plaintiff's decedents,

would not discover or realize the dangerous and unreasonable risk of harm which the tidal force at South Bowers Beach near the Murderkill River estuary and the Murderkill River presented to recreational swimmers at South Bowers Beach and the Murderkill River.

188.   At all material times defendant DNREC – Division of Watershed Stewardship knew or reasonably should have known that it was practically certain that drownings of recreational swimmers would result at South Bowers Beach in the event that no warning or notice signs were posted at or on South Bowers Beach near the Murderkill River estuary alerting beachgoers, such as the plaintiff's decedents, that the variance in velocity of the water's current during the tide change made recreational swimming hazardous.

189.   At all material times it was apparent that there was an imminent likelihood that drownings of recreational swimmers at South Bowers Beach and in the Murderkill River would occur in the event that no warning or notice signs were posted at or on South Bowers Beach near the Murderkill River estuary alerting beachgoers, such as the plaintiff's decedents, that the variance in velocity of the water's current at South Bowers Beach and in the Murderkill River during the tide change made recreational swimming hazardous.

190.   Defendant DNREC – Division of Watershed Stewardship owed the plaintiff's decedents a statutory duty of care to take action to ensure the safety, protection and general welfare of the visitors and personnel on lands and waterways under its jurisdiction.

191.   Defendant DNREC – Division of Watershed Stewardship owed the plaintiff's decedents a common law duty of care to refrain from acting with gross or wanton negligence toward licensees upon public lands and waterways under its jurisdiction.

192.   Defendant DNREC – Division of Watershed Stewardship owed the plaintiff's decedents an assumed duty of care to refrain from acting with gross or wanton negligence toward licensees upon public lands and waterways under its jurisdiction.

193.     Defendant DNREC – Division of Watershed Stewardship breached the duties of care owed the plaintiff's decedents, and remains liable within the meaning of the Delaware Code, 10 Del. C. § 4001, in the following, but not limited, ways:

(a)     Failed to exercise reasonable care to make the dangerous condition of South Bowers Beach and the Murderkill River safe for expected use;

(b)     Failed to take reasonable measures to warn the licensees of the dangerous condition of South Bowers Beach and the Murderkill River;

(c)     Failed to take reasonable measures to warn the licensees of the risk involved in recreational swimming at South Bowers Beach and the Murderkill River;

(d)     Failed to post warning or notice signs at or on South Bowers Beach prohibiting recreational swimming at South Bowers Beach and the Murderkill River during tidal changes;

(e)     Failed to take reasonable measures to ensure public safety on public lands and waterways;

(f)     Failed to take reasonable measures to abate the dangerous condition existing on public lands and waterways under its jurisdiction.

194.     As a direct and proximate result of the defendant DNREC – Division of Watershed Stewardship's grossly negligent and wanton acts, omissions or failures to act, plaintiff Anterine Maple and wrongful death beneficiaries have been caused to suffer those various injuries, loss and expenses as set forth above.

WHEREFORE, plaintiff Anterine Maple individually and as Administratrix of the Estate of Kevin George, Jr. deceased, and the Estate of Zion George prays for judgment against defendant DNREC – Division of Parks and Recreation, jointly and severally, and the relief which follows:

I.     That plaintiff be awarded compensatory damages as proven at trial;

II.     That plaintiff be awarded interest and damages for prejudgment delay;

III.    That plaintiff be awarded further relief as this Court may deem appropriate.

## COUNT VII
## DELAWARE TORT CLAIMS ACT – 10 DEL. C. § 4001
## EXCEPTIONS TO SOVEREIGN IMMUNITY
## (Anterine Maple, Administratrix of the Estate of Kevin George, Jr. deceased and the Estate of Zion George, deceased v Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens,Grant Melville, and Matthew Ritter)

195.    Plaintiff Anterine Maple incorporates by reference the previous paragraphs of the Complaint as if set forth fully herein.

196.    At all relevant times material hereto, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter were charged with the responsibility of promoting, regulating the use of, and caring for the properties and waterways under its jurisdiction, inclusive of South Bowers Beach and the Murderkill River.

197.    At all relevant times material hereto, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter were charged with the responsibility to take action to ensure the safety, protection and general welfare of the visitors and personnel on properties and waterways under its jurisdiction, inclusive of South Bowers Beach and the Murderkill River.

198.    At all relevant times material hereto, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter knew or reasonably should have known that South Bowers Beach near the Murderkill River estuary and the Murderkill River would be used for recreational activities, inclusive of recreational swimming, during tide changes.

199.     At all relevant times material hereto, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter knew or reasonably should have known that South Bowers Beach near the Murderkill River estuary and the Murderkill River was an unguarded beach and swimming area.

200.     At all relevant times material hereto, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter knew or reasonably should have known that the velocity of the movement of water during tide change at South Bowers Beach near the Murderkill River estuary and the Murderkill River created a dangerous and unreasonable risk of harm to unsuspecting recreational swimmers during tidal changes.

201.     At all relevant times material hereto, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter knew or reasonably should have suspected that day-vacationers, such as the plaintiff's decedents, would not discover or realize the dangerous and unreasonable risk of harm which the tidal force at South Bowers Beach near the Murderkill River estuary and the Murderkill River presented to recreational swimmers during tidal changes.

202.     At all relevant times material hereto, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter knew or reasonably should have known it was practically certain that drownings of recreational swimmers would result at South Bowers Beach and the Murderkill River in the event that no warning or notice signs were posted at or on South Bowers Beach near the Murderkill River estuary alerting beachgoers, such as the plaintiff's decedents, that the variance in velocity of the water's current during the tide change made recreational swimming hazardous.

203.     At all material times, it was apparent that there was an imminent likelihood that drownings of recreational swimmers at South Bowers Beach and the Murderkill River would occur in the event that no warning or notice signs were posted at or on South Bowers Beach near the Murderkill River estuary alerting beachgoers, such as the plaintiff's decedents, that the variance in velocity of the water's current during the tide change made recreational swimming hazardous.

204.     Defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter owed the plaintiff's decedents a statutory duty of care to take action to ensure the safety, protection and general welfare of the visitors and personnel on properties and waterways under its jurisdiction of the DNREC.

205.     Defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter owed the plaintiff's decedents a common law duty of care to refrain from acting with gross or wanton negligence toward licensees upon public lands and waterways under the jurisdiction of the DNREC

206.     Defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter breached the duties of care owed to the plaintiff's decedents, and remain liable within the meaning of 10 Del. C. § 4001, in the following, but not limited, ways:

(a)     Failed to exercise reasonable care to make the dangerous condition of South Bowers Beach and the Murderkill River safe for expected use;

(b)     Failed to take reasonable measures to warn the licensees of the dangerous condition of South Bowers Beach and the Murderkill River;

(c)     Failed to take reasonable measures to warn the licensees of the risk involved in recreational swimming at South Bowers Beach and the Murderkill River;

(d)     Failed to post warning or notice signs at or on South Bowers Beach and the Murderkill River prohibiting recreational swimming;

(e)     Failed to take reasonable measures to ensure public safety on public lands and waterways;

(f)     Failed to ensure that subordinate employees were sufficiently equipped to undertake appropriate measures to safeguard unsuspecting recreational swimmers at South Bowers Beach and the Murderkill River from the latent dangers created by the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay;

(g)     Failed to train and educate subordinate employees sufficient to ensure that appropriate measures were taken to safeguard unsuspecting recreational swimmers at South Bowers Beach and the Murderkill River from the latent dangers created by the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay;

(h)     Failed to supervise subordinate employees sufficient to ensure that appropriate measures were taken to safeguard unsuspecting recreational swimmers at South Bowers Beach and the Murderkill River from the latent dangers created by the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay.

207.    As a direct and proximate result of the defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter's grossly negligent and wanton acts, omissions or failures to act, plaintiff Anterine Maple and wrongful death beneficiaries have been caused to suffer those various injuries, loss and expenses as set forth above.

WHEREFORE, plaintiff Anterine Maple individually and as Administratrix of the Estate of Kevin George, Jr. deceased, and the Estate of Zion George prays for judgment against defendants Frank Piorko,

Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter, jointly and severally, and the relief which follows:

I.      That plaintiff be awarded compensatory damages as proven;

II.     That plaintiff be awarded exemplary damages as proven;

III.    That plaintiff be awarded interest and damages for prejudgment delay;

IV.     That plaintiff be awarded further relief as this Court may deem appropriate.

### COUNT VIII
### VIOLATION OF THE CONSTITUTION OF THE STATE OF DELAWARE
### (Anterine Maple, Administratrix of the Estate of Kevin George, Jr. deceased, and the Estate of Zion George, deceased v DNREC – Division of Watershed Stewardship and DNREC – Division of Parks and Recreation)

208.    Plaintiff Anterine Maple incorporates by reference the paragraphs above as if set forth herein in full.

209.    At all relevant times material hereto, the Preamble and Article 1, Sections 6 and 9 of the Constitution of the State of Delaware conferred upon the plaintiff's decedents a substantive right to personal security to be free from a government official's deliberate indifference to, or acts that increase the risk of serious injury or death from unjustified invasions of bodily integrity.

210.    At all relevant times material hereto, the Preamble and Article 1, Sections 6 and 9 of the Constitution of the State of Delaware conferred upon the plaintiff's decedents a substantive right to the affirmative intervention by state actors to minimize the risk of drowning.

211.    At all relevant times material hereto, defendants DNREC – Division of Watershed Stewardship and DNREC – Division of Parks and Recreation operated under a policy, custom, or practice with respect to safeguarding the substantive rights of licensees on public lands to personal security and to be free from a government official's deliberate indifference to or acts that increase the risk of serious injury or death from unjustified invasions of bodily integrity.

212.     At all relevant times material hereto, defendants DNREC – Division of Watershed Stewardship and DNREC – Division of Parks and Recreation by and through the instrumentality of its agents and policy makers exercised a deliberate choice to follow a course of action, from among various alternatives, which resulting in the following:

(a)     Failed to exercise reasonable care to make the dangerous condition of South Bowers Beach and the Murderkill River safe for expected use;

(b)     Failed to take reasonable measures to warn the licensees of the dangerous condition of South Bowers Beach and the Murderkill River;

(c)     Failed to take reasonable measures to warn the licensees of the risk involved in recreational swimming at South Bowers Beach and the Murderkill River;

(d)     Failed to post warning or notice signs at or on South Bowers Beach prohibiting recreational swimming at South Bowers Beach and the Murderkill River during tidal changes;

(e)     Failed to take reasonable measures to ensure public safety on public lands and waterways;

(f)     Failed to take reasonable measures to abate the dangerous condition existing on public lands and waterways under its jurisdiction.

213.     Defendants DNREC – Division of Watershed Stewardship and DNREC – Division of Parks and Recreation, by and through the instrumentality of its agents and policy makers, exercised a deliberate choice to follow a course of action, from among various alternatives, which violated the Preamble and Article 1, Sections 6 and 9 of the Constitution of the State of Delaware and caused plaintiff's decedents to suffer a deprivation of the constitutional right to personal security to be free from a government official's deliberate indifference to, or acts that increased the risk of serious injury or death from unjustified invasions of bodily integrity.

214.    Defendants DNREC – Division of Watershed Stewardship and DNREC – Division of Parks and Recreation, by and through the instrumentality of its agents and policy makers,  exercised a deliberate choice to follow a course of action, from among various alternatives, which caused the plaintiff's decedents to suffer death without due process and violated the plaintiff's decedents substantive right to the affirmative intervention by state actors to minimize the risk of drowning guaranteed by the Preamble and Article 1, Sections 6 and 9 of the Constitution of the State of Delaware.

215.    As a direct and proximate result of the above-described grossly and wantonly customs, practices, and policies employed by the defendants DNREC – Division of Watershed Stewardship and DNREC – Division of Parks and Recreation, the plaintiff's decedents were caused to suffer a deprivation of constitutional rights protected by the Preamble and Article 1, Sections 6 and 9 of the Constitution of the State of Delaware.

216.    As a direct and proximate result of the above-described grossly and wantonly customs, practices, and policies employed by the defendants DNREC – Division of Watershed Stewardship and DNREC – Division of Parks and Recreation, plaintiff Anterine Maple and wrongful death beneficiaries have been caused to suffer those various injuries, loss and expenses as set forth above.

WHEREFORE, plaintiff Anterine Maple individually and as Administratrix of the Estate of Kevin George, Jr. deceased, and the Estate of Zion George and prays for judgment against defendants DNREC – Division of Watershed Stewardship and DNREC – Division of Parks and Recreation, jointly and severally, and the relief which follows:

I.      That plaintiff be awarded compensatory damages as proven;

II.     That plaintiff be awarded interest and damages for prejudgment delay;

III.    That plaintiff be awarded further relief as this Court may deem appropriate.

**COUNT IX**
**VIOLATION OF THE CONSTITUTION OF THE STATE OF DELAWARE**
<u>**(Anterine Maple, Administratrix of the Estate of Kevin George, Jr. deceased,**
**and the Estate of Zion George, deceased v Frank Piorko, Terry L. Deputy,**
**Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams,**
**Ray Bivens, Grant Melville, and Matthew Ritter)**</u>

**<u>Direct Theory of Liability</u>**

217.    Plaintiff Anterine Maple incorporates by reference the paragraphs above as if set forth herein in full.

218.    At all relevant times material hereto, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter were responsible for safeguarding the substantive right of plaintiff's decedents to be free from a government official's deliberate indifference to, or acts that increased the risk of serious injury or death from unjustified invasions of bodily integrity protected by the Preamble and Article 1, Sections 6 and 9 of the Constitution of the State of Delaware.

219.    At all relevant times material hereto, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter were responsible for safeguarding the substantive right of plaintiff's decedents to the affirmative intervention by state actors to minimize the risk of drowning guaranteed by the Preamble and Article 1, Sections 6 and 9 of the Constitution of the State of Delaware.

220.    At all relevant times material hereto, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter acted with gross and wanton negligence and a deliberate indifference to the rights of the plaintiff's decedents in the following, but not limited, ways:

(a)    Failed to exercise reasonable care to make the dangerous condition of South Bowers Beach and the Murderkill River safe for expected use;

(b)     Failed to take reasonable measures to warn the licensees of the dangerous condition of South Bowers Beach and the Murderkill River;

(c)     Failed to take reasonable measures to warn the licensees of the risk involved in recreational swimming at South Bowers Beach and the Murderkill River;

(d)     Failed to post warning or notice signs at or on South Bowers Beach prohibiting recreational swimming at South Bowers Beach and the Murderkill River during tidal changes;

(e)     Failed to take reasonable measures to ensure public safety on public lands and waterways;

(f)     Failed to take reasonable measures to abate the dangerous condition existing on public lands and waterways under their authority.

221.     As a direct and proximate result of the above-described gross and wanton negligence and deliberate indifference to the rights of the plaintiff's decedents, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter caused the plaintiff's decedents to suffer a deprivation of the substantive right of plaintiff's decedents to be free from a government official's deliberate indifference to, or acts that increased the risk of serious injury or death from unjustified invasions of bodily integrity protected by the Preamble and Article 1, Sections 6 and 9 of the Constitution of the State of Delaware.

222.     As a direct and proximate result of the above-described gross and wanton negligence and deliberate indifference to the rights of the plaintiff's decedents, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter, the plaintiff's decedents were caused to suffer a deprivation of the substantive right of plaintiff's decedents to the affirmative intervention by state actors to minimize the risk of drowning guaranteed by the Preamble and Article 1, Sections 6 and 9 of the Constitution of the State of Delaware.

223.     As a direct and proximate result of the above-described gross and wanton negligence and deliberate indifference to the rights of the plaintiff's decedents, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter caused the plaintiff Anterine Maple and wrongful death beneficiaries suffer those various injuries, loss and expenses as set forth above.

WHEREFORE, plaintiff Anterine Maple individually and as Administratrix of the Estate of Kevin George, Jr. deceased, and the Estate of Zion George prays for judgment against defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter, jointly and severally, and the relief which follows:

I.       That plaintiff be awarded compensatory damages as proven;

II.      That plaintiff be awarded exemplary damages as proven;

III.     That plaintiff be awarded interest and damages for prejudgment delay;

IV.      That plaintiff be awarded further relief as this Court may deem appropriate.

## COUNT X
### VIOLATIONS OF CONSTITUTION OF THE STATE OF DELAWARE
**(Anterine Maple, Administratrix of the Estate of Kevin George, Jr. deceased, and the Estate of Zion George, deceased v Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter)**

### Supervisor Theory of Liability

224.     Plaintiff Anterine Maple incorporates by reference the paragraphs above as if set forth herein in full.

225.     At all relevant times material hereto, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter were responsible for safeguarding the substantive rights of plaintiff's decedents protected

by the guarantees of the Preamble and Article 1, Sections 6 and 9 of the Constitution of the State of Delaware to personal security and to be free from a government official's deliberate indifference to, or acts that increased the risk of serious injury or death from unjustified invasions of bodily integrity protected by the Preamble and Article 1, Sections 6 and 9 of the Constitution of the State of Delaware.

226.     At all relevant times material hereto, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter were responsible for safeguarding the substantive rights of plaintiff's decedents to the affirmative intervention by state actors to minimize the risk of drowning guaranteed by the Preamble and Article 1, Sections 6 and 9 of the Constitution of the State of Delaware.

227.     At all relevant times material hereto, defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter acted with gross and wanton negligence and a deliberate indifference to the rights of the plaintiff's decedents in the following, but not limited, ways:

(a)     Failed to ensure that subordinate employees were sufficiently equipped to undertake appropriate measures to safeguard unsuspecting recreational swimmers at South Bowers Beach and the Murderkill River from the latent dangers created by the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay;

(b)     Failed to train and educate subordinate employees sufficient to ensure that appropriate measures were taken to safeguard unsuspecting recreational swimmers at South Bowers Beach and the Murderkill River from the latent dangers created by the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay;

(c)     Failed to supervise subordinate employees sufficient to ensure that appropriate measures were taken to safeguard unsuspecting recreational swimmers at South Bowers Beach and the

Murderkill River from the latent dangers created by the dredging operations of the Murderkill River estuary entrance channel along Delaware Bay.

228.    As a direct and proximate result of the above-described grossly or wantonly negligent and deliberate actions or inactions of defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter, plaintiff's decedents were caused to suffer a deprivation of constitutional rights protected by the guarantees of the Preamble and Article 1, Sections 6 and 9 of the Constitution of the State of Delaware.

229.    As a direct and proximate result of the above-described grossly or wantonly negligent and deliberate actions or inactions of defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter, plaintiff Anterine Maple and wrongful death beneficiaries have been caused to suffer those various injuries, loss and expenses as set forth above suffered as a result of the decedents' death.

WHEREFORE, plaintiff Anterine Maple individually and as Administratrix of the Estate of Kevin George, Jr. deceased, and the Estate of Zion George prays for judgment against defendants Frank Piorko, Terry L. Deputy, Michael S. Powell, Jesse Hayden, Scott Figurski, Charles E. Williams, II, Steve Williams, Ray Bivens, Grant Melville, and Matthew Ritter, jointly and severally, and the relief which follows:

I.     That plaintiff be awarded compensatory damages as proven;

II.    That plaintiff be awarded exemplary damages as proven;

III.   That plaintiff be awarded interest and damages for prejudgment delay;

IV.    That plaintiff be awarded further relief as this Court may deem appropriate.

## COUNT XI
## NEGLIGENCE
### (Anterine Maple, Administratrix of the Estate of Kevin George, Jr. deceased, and the Estate of Zion George, deceased v Manson Construction Company)

230.    Plaintiff Anterine Maple incorporates by reference the paragraphs above as if set forth herein in full.

231.    At all material times relevant to the subject matter described in this Complaint, defendant Manson Construction Company knew or reasonably should have known that the dredging operation of the Murderkill River estuary channel undertaken by defendant Manson Construction Company in the calendar year of 2014 would alter the tidal force and amplify the velocity of the moment of water during tide change at South Bowers Beach near the Murderkill River estuary and the Murderkill River.

232.    At all material times relevant to the subject matter described in this Complaint, defendant Manson Construction Company knew or reasonably should have known that its dredging operations of the Murderkill River estuary entrance channel along Delaware Bay undertaken in the calendar year of 2014 created a dangerous and unreasonable hazard to unsuspecting recreational swimmers at South Bowers Beach and the Murderkill River.

233.    At all material times relevant to the subject matter described in this Complaint, defendant Manson Construction Company knew or reasonably should have known that South Bowers Beach near the Murderkill River estuary and the Murderkill River would be used for recreational activities, inclusive of swimming, during tide changes after completion of its dredging project in 2014.

234.    At all material times relevant to the subject matter described in this Complaint, defendant Manson Construction Company knew or reasonably should have suspected that day-vacationers, such as the plaintiff's decedents, would not discover or realize the dangerous and unreasonable risk of harm which the tidal force at South Bowers Beach near the Murderkill River estuary and the Murderkill River presented to recreational swimmers during tidal changes.

235.     At all material times relevant to the subject matter described in this Complaint, defendant Manson Construction Company knew or reasonably should have known it was practically certain that drownings of recreational swimmers would result at South Bowers Beach and the Murderkill River in the event that no warning or notice signs were posted at or on South Bowers Beach near the Murderkill River estuary alerting beachgoers, such as the plaintiff's decedents, that the variance in velocity of the water's current during the tide change made recreational swimming hazardous.

236.     At all material times, it was apparent that there was an imminent likelihood that drownings of recreational swimmers at South Bowers Beach and the Murderkill River would occur in the event that no warning or notice signs were posted at or on South Bowers Beach near the Murderkill River estuary alerting beachgoers, such as the plaintiff's decedents, that the variance in velocity of the water's current during the tide change made recreational swimming hazardous.

237.     Defendant Manson Construction Company owed the plaintiff's decedents a common law duty to exercise reasonable care to prevent the risk of harm which its dredging activity created to recreational swimmers from taking effect.

238.     Defendant Manson Construction Company breached the duties of care owed to the plaintiff's decedents, in the following, but not limited, ways:

(a)     Failed to exercise reasonable care to determine whether its dredging activity created a latent danger to recreational swimmers at South Bowers Beach and the Murderkill River;

(b)     Failed to exercise reasonable care to appreciate that its dredging activity created a latent danger to recreational swimmers at South Bowers Beach and the Murderkill River;

(c)     Knew of the latent danger which its dredging activity created to recreational swimmers at South Bowers Beach and the Murderkill River and with an indifference to the welfare of recreational swimmers at South Bowers Beach, disregarded the danger;

(d)     Failed to exercise reasonable care to sufficiently warn officials and policymakers of the Delaware Department of Natural Resources and Environmental Control that its dredging activity created a latent danger to recreational swimmers at South Bowers Beach and the Murderkill River during tidal changes;

(e)     Failed to take reasonable measures to warn recreational swimmers of the dangerous condition of South Bowers Beach and the Murderkill River;

(f)     Failed to take reasonable measures to warn of the risk involved in recreational swimming at South Bowers Beach and the Murderkill River;

(g)     Failed to post warning or notice signs at or on South Bowers Beach prohibiting recreational swimming at South Bowers Beach near the Murderkill River estuary and the Murderkill River during tidal changes.

239.    Defendant Manson Construction Company was grossly or wantonly negligent in failing to exercise reasonable care to prevent the risk of harm which its dredging activity created to recreational swimmers from taking effect.

240.    As a direct and proximate result of the defendant Manson Construction Company's grossly negligent and wanton acts, omissions or failures to act, plaintiff Anterine Maple and wrongful death beneficiaries have been caused to suffer those various injuries, loss and expenses as set forth above.

WHEREFORE, plaintiff Anterine Maple individually and as Administratrix of the Estate of Kevin George, Jr. deceased, and the Estate of Zion George prays for judgment against defendant Manson Construction Company, jointly and severally, and the relief which follows:

I.      That plaintiff be awarded compensatory damages as proven;

II.     That plaintiff be awarded exemplary damages as proven;

III.    That plaintiff be awarded interest and damages for prejudgment delay;

IV.     That plaintiff be awarded further relief as this Court may deem appropriate.

## COUNT XII
## NEGLIGENCE
### (Anterine Maple, Administratrix of the Estate of Kevin George, Jr. deceased, and the Estate of Zion George, deceased v Kingfisher Environmental Services, Inc.)

241.     Plaintiff Anterine Maple incorporates by reference the paragraphs above as if set forth herein in full.

242.     At all material times relevant to the subject matter described in this Complaint, defendant Kingfisher Environmental Services, Inc. knew or reasonably should have known that the dredging operation of the Murderkill River estuary channel undertaken by defendant Kingfisher Environmental Services, Inc. in the calendar year of 2015 would alter the tidal force and amplify the velocity of the moment of water during tide change at South Bowers Beach near the Murderkill River estuary and the Murderkill River.

243.     At all material times relevant to the subject matter described in this Complaint, defendant Kingfisher Environmental Services, Inc. knew or reasonably should have known that its dredging operations of the Murderkill River estuary entrance channel along Delaware Bay undertaken in the calendar year of 2015 created a dangerous and unreasonable hazard to unsuspecting recreational swimmers at South Bowers Beach and the Murderkill River.

244.     At all material times relevant to the subject matter described in this Complaint, defendant Kingfisher Environmental Services, Inc. knew or reasonably should have known that South Bowers Beach near the Murderkill River estuary and the Murderkill River would be used for recreational activities, inclusive of swimming, during tide changes after completion of its dredging project in 2015.

245.     At all material times relevant to the subject matter described in this Complaint, defendant Kingfisher Environmental Services, Inc.  knew or reasonably should have suspected that day-vacationers, such as the plaintiff's decedents, would not discover or realize the dangerous and unreasonable risk of harm which the tidal force at South Bowers Beach near the Murderkill River estuary and the Murderkill River presented to recreational swimmers at tidal changes.

246.     At all material times relevant to the subject matter described in this Complaint, defendant Kingfisher Environmental Services, Inc.  knew or reasonably should have known it was practically certain that drownings of recreational swimmers would result at South Bowers Beach and the Murderkill River in the event that no warning or notice signs were posted at or on South Bowers Beach near the Murderkill River estuary and the Murderkill River alerting beachgoers, such as the plaintiff's decedents, that the variance in velocity of the water's current during the tide change made recreational swimming hazardous.

247.     At all material times it was apparent that there was an imminent likelihood that drownings would occur in the event that no warning or notice signs were posted at or on South Bowers Beach near the Murderkill River estuary and the Murderkill River alerting beachgoers, such as the plaintiff's decedents, that the variance in velocity of the water's current during the tide change made recreational swimming hazardous.

248.     Defendant Kingfisher Environmental Services, Inc.   owed  the  plaintiff's decedents a common law duty to exercise reasonable care to prevent the risk of harm which its dredging activity created to recreational swimmers from taking effect.

249.     Defendant Kingfisher Environmental Services, Inc.  breached the duties of care owed to the plaintiff's decedents, in the following, but not limited, ways:

(a)     Failed to exercise reasonable care to determine whether its dredging activity created a latent danger to recreational swimmers at South Bowers Beach and the Murderkill River;

(b)     Failed to exercise reasonable care to appreciate that its dredging activity created a latent danger to recreational swimmers at South Bowers Beach and the Murderkill River;

(c)     Knew of the latent danger which its dredging activity created to recreational swimmers at South Bowers Beach and the Murderkill River and with an indifference to the welfare of recreational swimmers at South Bowers Beach, disregarded the danger;

(d)     Failed to exercise reasonable care to sufficiently warn officials and policymakers of the Delaware Department of Natural Resources and Environmental Control that its dredging activity created a latent danger to recreational swimmers at South Bowers Beach and the Murderkill River during tidal changes;

(e)     Failed to take reasonable measures to warn recreational swimmers of the dangerous condition of South Bowers Beach and the Murderkill River;

(f)     Failed to take reasonable measures to warn of the risk involved in recreational swimming at South Bowers Beach and the Murderkill River;

(g)     Failed to post warning or notice signs at or on South Bowers Beach prohibiting recreational swimming at South Bowers Beach near the Murderkill River estuary and the Murderkill River during tidal changes.

250.     Defendant Kingfisher Environmental Services, Inc. was grossly or wantonly negligent in failing to exercise reasonable care to prevent the risk of harm which its dredging activity created to recreational swimmers from taking effect.

251.     As a direct and proximate result of the defendant Kingfisher Environmental Services, Inc.'s grossly negligent and wanton acts, omissions or failures to act, plaintiff Anterine Maple and wrongful death beneficiaries have been caused to suffer those various injuries and loss and expenses as set forth above.

WHEREFORE, plaintiff Anterine Maple individually and as Administratrix of the Estate of Kevin George, Jr. deceased, and the Estate of Zion George prays for judgment against defendant Kingfisher Environmental Services, Inc., jointly and severally, and the relief which follows:

I.      That plaintiff be awarded compensatory damages as proven;

II.     That plaintiff be awarded exemplary damages as proven;

III.    That plaintiff be awarded interest and damages for prejudgment delay;

IV.     That plaintiff be awarded further relief as this Court may deem appropriate.

## SECOND CAUSES OF ACTION – SURVIVAL ACTION
## COUNT XIII
## (Anterine Maple, Administratrix of the Estate of Kevin George, Jr. deceased, and the Estate of Zion George, deceased v Defendants)

252.    Plaintiff Anterine Maple incorporate by reference the previous paragraphs of the Complaint as if set forth fully herein.

253.    Plaintiff Anterine Maple advances this survival action by virtue of Delaware Code, Title 10, §§ 3701 through § 3708 [relating to Survival Action].

254.    This civil action is advanced to recover on behalf of the aforementioned statutory beneficiaries all damages recoverable under the Delaware Survival Act.

255.    Plaintiff Anterine Maple as the Administratrix of the Estate of Kevin George, Jr. and the Estate of Zion George, asserts those aforementioned causes of action, as if listed herein, on behalf of the Estate of Kevin George, Jr. and the Estate of Zion George.

256.    As a direct and proximate result of the aforementioned intentional, grossly negligent, careless, and reckless acts, omissions, or failures to act of the defendants, decedents Kevin George, Jr. and Zion George were caused to suffer emotional and physical pain and suffering prior to their deaths.

257.    As a direct and proximate result of the aforementioned intentional, grossly negligent, careless, and reckless acts, omissions, or failures to act of the defendants, decedents Kevin George, Jr. and Zion George were caused to suffer the loss of net earnings they would have earned between the date of their deaths and reasonable life expectancies.

258.    As a direct and proximate result of the aforementioned intentional, grossly negligent, careless, and reckless acts, omissions, or failures to act of the defendants, decedents Kevin George, Jr. and Zion George were caused to suffer the loss of retirement and social security income.

259.     As a direct and proximate result of the aforementioned intentional, grossly negligent, careless, and reckless acts, omissions, or failures to act of the defendants, decedents Kevin George, Jr. and Zion George were caused to suffer the loss of life's pleasures.

WHEREFORE, the plaintiff Anterine Maple as the Administratrix of the Estate of Kevin George, Jr., deceased and the Estate of Zion George, deceased, prays for judgment against the defendants, jointly and severally, and the relief which follows:

I.     That plaintiff be awarded compensatory damages as proven at trial;

II.     That plaintiffs be awarded exemplary damages;

III.     That plaintiffs be awarded reasonable attorney's fees as provided for pursuant to 42 U.S.C.A. § 1988;

IV.     That plaintiffs be awarded the cost of prosecuting this claim as provided for pursuant to 42 U.S.C.A. § 1988;

V.     That plaintiffs be awarded reasonable expert fees as provided for pursuant to 42 U.S.C.A. § 1988;

VI.     That plaintiffs be awarded interest and damages for prejudgment delay;

VII.     That plaintiffs be awarded further relief as this Court may deem appropriate.

## COUNT XIV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (Destiny Deluca v Defendants)

260.     Plaintiff Destiny Deluca incorporates by reference the previous paragraphs of the Complaint as if set forth fully herein.

261.     On June 29, 2020, Kevin George, Jr., decedent, proposed marriage to Destiny Deluca.

262.     At all material times, relevant to the subject matter described in this Complaint, Kevin George, Jr., decedent, was the fiancé of Destiny Deluca.

263.     The defendants created a condition at South Bowers Beach resulting in an unreasonable danger which increased the risk of death by drowning of recreational swimmers, such as Kevin George, Jr., Zion George, Jr., Amir Harris and Destiny Deluca at South Bowers Beach and the Murderkill River.

264.     At all relevant times the defendants owed plaintiff Destiny Deluca a duty of care to refrain from acting in an intentional, reckless, or grossly negligent manner which would cause plaintiff Destiny Deluca to be subject to severe emotional distress.

265.     The defendants breached the duty of care owed to plaintiff Destiny Deluca by failing to take reasonable measures to warn of or otherwise safeguard recreational swimmers from the dangerous condition they created which increased the risk of death by drowning of recreational swimmers, such as the Kevin George, Jr., Zion George, Jr., Amir Harris and Destiny Deluca at South Bowers Beach.

266.     On June 30, 2020, as a direct and proximate result of the intentional, reckless, or grossly negligent actions or omissions of the defendants, plaintiff Destiny Deluca was placed in the immediate area of physical danger.

267.     On June 30, 2020, as a direct and proximate result of the intentional, reckless, or grossly negligent actions or omissions of the defendants, plaintiff Destiny Deluca was caused to have suffered severe emotional distress and physical consequences.

268.     On June 30, 2020, as a direct and proximate result of the intentional, reckless, or grossly negligent actions or omissions of the defendants, plaintiff Destiny Deluca was caused to have witnessed the drowning death of her fiancé Kevin George, Jr.

269.     The conduct of the defendants in choosing not to take reasonable measures to warn of or otherwise safeguard recreational swimmers, such as the plaintiff's decedent Kevin George, Jr., from the dangerous condition they created which increased the risk of death by drowning of recreational swimmers is outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and is to be

regarded as atrocious, and utterly intolerable in a civilized society.

270.     The defendants are liable to plaintiff Destiny Deluca pursuant to Restatement (Second) of Torts § 46.

WHEREFORE, plaintiff Destiny Deluca prays for judgment against defendants jointly and severally, and the relief which follows:

I.      That plaintiff be awarded compensatory damages as proven;

II.     That plaintiff be awarded exemplary damages as proven;

III.    That plaintiff be awarded interest and damages for prejudgment delay;

IV.     That plaintiff be awarded further relief as this Court may deem appropriate.

## COUNT XV
## NEGLIGENT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (Destiny Deluca v Defendants)

271.     Plaintiff Destiny Deluca incorporates by reference the previous paragraphs of the Complaint as if set forth fully herein.

272.     At all relevant times, the defendants owed plaintiff Destiny Deluca a duty of care to refrain from acting in a negligent manner which would cause plaintiff Destiny Deluca to be subject to severe emotional distress.

273.     The defendants breached the duty of care owed to plaintiff Destiny Deluca by failing to take reasonable measures to warn of or otherwise safeguard recreational swimmers from the dangerous condition they created which increased the risk of death by drowning of recreational swimmers, such as the Kevin George, Jr., Zion George, Jr., Amir Harris and Destiny Deluca at South Bowers Beach and the Murderkill River.

274.     As a direct and proximate result of the negligent actions or omissions of the defendants, on June 30, 2020, plaintiff Destiny Deluca was placed in the immediate area of physical danger.

275.     As a direct and proximate result of the negligent actions or omissions of the defendants, on June 30, 2020, plaintiff Destiny Deluca was caused to have suffered severe emotional distress and physical consequences.

276.     The defendants are liable to plaintiff Destiny Deluca pursuant to Restatement (Second) of Torts § 436.

277.     The defendants are liable to plaintiff Destiny Deluca pursuant to Restatement (Second) of Torts § 313.

WHEREFORE, plaintiff Destiny Deluca prays for judgment against defendants jointly and severally, and the relief which follows:

I.      That plaintiff be awarded compensatory damages as proven;

II.     That plaintiff be awarded interest and damages for prejudgment delay;

III.    That plaintiff be awarded further relief as this Court may deem appropriate.

## COUNT XVI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Amir Harris v Defendants)

278.     Plaintiff Amir Harris incorporates by reference the previous paragraphs of the Complaint as if set forth fully herein.

279.     Plaintiff Amir Harris grew up with and was raised in the same household with Kevin George, Jr., decedent, and Zion George, decedent.

280.     At all material times relevant to the subject matter described in this Complaint, Amir Harris had a relationship with Kevin George, Jr., decedent, and Zion George, decedent tantamount to brothers.

281.     At all relevant times, the defendants owed plaintiff Amir Harris a duty of care to refrain from acting in an intentional, reckless, or grossly negligent manner which would cause plaintiff Amir Harris to be subject to severe emotional distress.

282.     The defendants breached the duty of care owed to plaintiff Amir Harris by failing to take reasonable measures to warn of or otherwise safeguard recreational swimmers from the dangerous condition they created which increased the risk of death by drowning of recreational swimmers, such as the Kevin George, Jr., Zion George, Destiny Deluca, and Amir Harris at South Bowers Beach and the Murderkill River.

283.     On June 30, 2020, as a direct and proximate result of the intentional, reckless, or grossly negligent actions or omissions the defendants, plaintiff Amir Harris was placed in the immediate area of physical danger.

284.     On June 30, 2020, as a direct and proximate result of the intentional, reckless, or grossly negligent actions or omissions the defendants, plaintiff Amir Harris was caused to have suffered severe emotional distress and physical consequences.

285.     On June 30, 2020, as a direct and proximate result of the intentional, reckless, or grossly negligent actions or omissions the defendants, plaintiff Amir Harris was caused to have witnessed the drowning deaths of his dear friends Kevin George, Jr., decedent and Zion George, decedent.

286.     The conduct of the defendants in choosing not to take reasonable measures to warn of or otherwise safeguard recreational swimmers, such as the plaintiff Amir Harris, from the dangerous condition they created which increased the risk of death by drowning of recreational swimmers is outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and is to be regarded as atrocious, and utterly intolerable in a civilized society.

287.     The defendants are liable to plaintiff Amir Harris pursuant to Restatement (Second) of Torts § 46.

WHEREFORE, plaintiff Amir Harris prays for judgment against defendants jointly and severally, and the relief which follows:

I.     That plaintiff be awarded compensatory damages as proven;

71

II.      That plaintiff be awarded exemplary damages as proven;

III.     That plaintiff be awarded interest and damages for prejudgment delay;

IV.     That plaintiff be awarded further relief as this Court may deem appropriate.


## COUNT XVII
## NEGLIGENT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (Amir Harris v Defendants)

288.     Plaintiff Amir Harris incorporates by reference the previous paragraphs of the Complaint as if set forth fully herein.

289.     At all relevant times, the defendants owed plaintiff Amir Harris a duty of care to refrain from acting in a negligent manner which would cause plaintiff Amir Harris to be subject to severe emotional distress.

290.     The defendants breached the duty of care owed to plaintiff Amir Harris by failing to take reasonable measures to warn of or otherwise safeguard recreational swimmers from the dangerous condition they created which increased the risk of death by drowning of recreational swimmers, such as the Kevin George, Jr., Zion George, Jr., Destiny Deluca, and Amir Harris at South Bowers Beach and the Murderkill River.

291.     As a direct and proximate result of the negligent actions or omissions of the defendants, on June 30, 2020, plaintiff Amir Harris was placed in the immediate area of physical danger.

292.     As a direct and proximate result of the negligent actions or omissions of the defendants, on June 30, 2020, plaintiff Amir Harris was caused to have suffered severe emotional distress and physical consequences.

293.     The defendants are liable to plaintiff Amir Harris pursuant to Restatement (Second) of Torts § 436.

294.   The defendants are liable to plaintiff Amir Harris pursuant to Restatement (Second) of Torts § 313.

WHEREFORE, plaintiff Amir Harris prays for judgment against defendants jointly and severally, and the relief which follows:

I.     That plaintiff be awarded compensatory damages as proven;

II.    That plaintiff be awarded interest and damages for prejudgment delay;

III.   That plaintiff be awarded further relief as this Court may deem appropriate.

Respectfully submitted,

By:    */s/ Steven F. Marino*
       Steven F. Marino, Esquire
       PA Attorney I.D. No.   53034
       Joseph Auddino, Esquire
       PA Attorney I.D. No.   316752
       MARINO ASSOCIATES
       301 Wharton Street
       Philadelphia, PA 19147
       Telephone: (215) 462-3200
       Telecopier: (215) 462-4763
       smarino@marinoassociates.net
       jauddino@marinoassociates.net

       *Attorneys for Plaintiffs*

Dated: May 25, 2022